371 So.2d 1108 (1979)
Roscoe WASHINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 77-2561.
District Court of Appeal of Florida, Fourth District.
June 20, 1979.
Louis R. Beller, Miami Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
R. WALLACE PACK, Associate Judge.
On August 19, 1977, Roscoe Washington was charged with escape. On September 22, 1977, Washington filed a notice of intention to rely on insanity defense. Pursuant to a bifurcated trial Washington was, on November 2, 1977, found by a jury to be guilty of escape. He was, on November 3, 1977, found by the same jury to be sane at the time the offense was committed. On November 3, 1977, Washington was adjudicated guilty of escape and sentenced to 15 years imprisonment. Washington now appeals from the judgment of the trial court. We reverse.
At the commencement of Washington's trial on November 1, 1977, the court informed counsel that a bifurcated trial would be conducted on the issues of guilt and sanity.
THE COURT: This is in regard to what you call the so-called ground rules in regards to the new statute 77-312 House Bill No. 5 that became effective on September 2nd of this year. As far as the ground rules, the Court is going to very strictly interpret 918.017, insanity, and paying particular attention through the course of the trial where there is a finding of guilty or innocence regarding the defendant, there will be no mention of any nature whatsoever or reference in regard to the possibility of a plea of insanity. I would incorporate that section as to what the ground rules the Court is concerned with is 77-312, 918.017.
MR. BELLER: Your Honor, I would object in this respect, in effect if there is going to be a plea of insanity, it shall be presented. You do not exclude the factors there will be a plea of insanity from being presented to the jury; and in addition, Your Honor, if it is the Court's intention to use the same jury it will seriously restrict us on voir dire if we are limited in the mentioning of insanity of any type that might be raised.
In addition, this is another aspect which doesn't quite go towards the insanity. It goes to the intent to commit the crime of escape  which can be adduced by circumstantial evidence. But it is a subjective thing and part of our defense involves  which would not involve the strict definition of insanity.

*1109 THE COURT: I don't think I can buy that. Intent is an element of the particular crime, is it not?
MR. BELLER: Well, it's a determination.
THE COURT: That is a jury consideration.
By reason of the ground rules as set forth by the court, the defense was unable to examine the jury concerning the defense of insanity. The defendant filed his notice of intention to rely upon an insanity defense and to prohibit a voir dire examination of prospective jurors concerning that defense is error.
Subsequent to the trial of this case, our Supreme Court in State ex rel. Boyd v. Green, 355 So.2d 789 (Fla. 1979) declared Chapter 77-312, Section 1, Laws of Florida, creating F.S. 921.131(1) unconstitutional as raising an irrebuttable presumption of intent. This irrebuttable presumption was well illustrated herein. In the bifurcated trial given Mr. Washington the defense was not allowed to show a lack of intent to commit the crime of escape, clearly a denial of due process.
We find no merit in the other points raised on appeal.
Accordingly, the judgment of the trial court is reversed and the case remanded for a new trial.
MOORE and BERANEK, JJ., concur.