492 So.2d 1322 (1986)
Henry LAVADO, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 67279.
Supreme Court of Florida.
August 21, 1986.
*1323 Bennett H. Brummer, Public Defender and Howard K. Blumberg, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for petitioner.
Jim Smith, Atty. Gen. and Randi Klayman Lazarus, Asst. Atty. Gen., Miami, for respondent.
BARKETT, Justice.
We have for review Lavado v. State, 469 So.2d 917 (Fla. 3d DCA 1985), because it directly and expressly conflicts with Pope v. State, 84 Fla. 428, 94 So. 865 (1922), Pait v. State, 112 So.2d 380 (Fla. 1959), and Washington v. State, 371 So.2d 1108 (Fla. 4th DCA 1979). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Henry Lavado was charged by information with armed robbery. During voir dire, defense counsel informed the prospective jurors that specific intent was an essential element of armed robbery. The trial judge advised defense counsel that it was "not proper on a jury selection to go into law" and would permit defense counsel to only ask about a prospective juror's bias against drinking in general. Defense counsel explained that robbery is a specific intent crime and he wished to question the jurors about "their ability to entertain or accept the premise of voluntary intoxication as a defense." The trial judge refused to permit the inquiry, permitting only a general question regarding a prospective juror's ability to follow the court's instructions.
At the close of the state's case, defense counsel moved for a judgment of acquittal on the basis that the defense of voluntary intoxication had been established.
During closing argument, the prosecutor argued to the jury that "[t]his voluntary intoxication business is simply a limp excuse used to try to get [Lavado] out of a heap of trouble" and was "no defense."
The jury was instructed on voluntary intoxication. During deliberations, the jury asked: "What is the rule on the state of intoxication of the defendant?" and "Are we to concider [sic] his state of intoxication at the time of the robbery?" The court then re-read the instruction on voluntary intoxication, and the jury ultimately returned a verdict of guilty as charged. The Third District affirmed the conviction and sentence.
The issue presented in this case is whether the trial court erred in refusing defense counsel's request to ask prospective jurors about their willingness and ability to accept the defense of voluntary intoxication. We believe the trial court's restriction of defense counsel's questioning on voir dire denied Lavado his right to a fair and impartial jury.
As Judge Pearson pointed out in his dissent, "[i]f he knew nothing else about the prospective jurors, the single thing that defense counsel needed to know was whether the prospective jurors could fairly and impartially consider the defense of voluntary intoxication." 469 So.2d at 919. We can add nothing to Judge Pearson's comprehensive, articulate, and logical dissenting opinion, and therefore adopt it in its entirety as our majority opinion. Accordingly, we quash the decision below with directions to remand for a new trial.
It is so ordered.
*1324 ADKINS, BOYD, EHRLICH and SHAW, JJ., concur.
McDONALD, C.J., and OVERTON, J., dissent.