579 So.2d 286 (1991)
Marc Arthur HONORAT a/K/a Marc Fenelon, Appellant,
v.
Louis GENOVA, Etc., et al., Appellees.
No. 90-1711.
District Court of Appeal of Florida, Third District.
May 7, 1991.
*287 Richard A. Sherman and Rosemary Wilder, Fort Lauderdale, for appellant.
Abrams, Anton, Robbins, Resnick & Schneider, Hollywood, Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin and Perwin and Joel Eaton, Miami, for appellees.
Before NESBITT, BASKIN and GERSTEN, JJ.
NESBITT, Judge.
We reverse that part of the non-final order appealed here which held that the appellant, defendant below, had submitted to the personal jurisdiction of the court by filing a motion to dismiss for failure to serve process within 120 days of filing suit pursuant to Florida Rule of Civil Procedure 1.070(j).
Appellee filed a wrongful death suit on August 9, 1988, against Honorat and others, including the taxi company for which Honorat worked. Appellee was unsuccessful in locating and serving process on Honorat. Honorat's whereabouts remain unknown.
After various grants of time extensions to perfect service, appellee made substituted service on the Florida secretary of state, relying on those statutory sections permitting such service in the case of an automobile accident. Honorat's insurer, acting on Honorat's behalf, responded with a motion to quash for insufficiency of service of process and for lack of personal jurisdiction over Honorat, pursuant to Florida Rule of Civil Procedure 1.140(b). The trial judge ruled that the complaint did not allege a cause of action arising from an automobile accident and thus held the substituted service insufficient.
The defendant's insurer then moved to dismiss the action on grounds that service of process had not been effected within 120 days after suit was filed as required by Rule 1.070(j). Appellee asserted that good cause existed for failure to effect proper service after the last extension had expired because appellee had reasonably relied on the propriety of the substituted service. Appellee further asserted that Honorat had submitted himself to the jurisdiction of the court by filing the Rule 1.070(j) motion. The trial court agreed on both points, and this appeal ensued.
Cole v. Posada, 555 So.2d 367 (Fla. 3d DCA 1989), and DCA of Hialeah, Inc. v. Lago Grande One Condominium Ass'n., 559 So.2d 1178 (Fla. 3d DCA 1990), hold that the denial of a Rule 1.070(j) motion to dismiss is nonappealable because such a motion does not concern jurisdiction. Consequently, that part of the order here appealed which denied the Rule 1.070(j) motion is nonreviewable at this time. Nevertheless, appellee asserts that the trial judge correctly held, on the facts of this case, that Honorat subjected himself to the court's jurisdiction by filing the Rule 1.070(j) motion. The rationale for this argument is that in this case, the filing of the motion constituted an appearance seeking affirmative relief since a grant of the motion would have amounted to a dismissal on the merits due to the fact that the statute *288 of limitations had run, and the plaintiff could therefore not have refiled suit had the motion been granted.
We refuse to adopt the argument that the filing of a Rule 1.070(j) motion in such instances seeks affirmative relief or goes to the merits of the case and thus subjects the defendant to the jurisdiction of the court. Such a holding would virtually deny a defendant relief under Rule 1.070(j) in a case where the statute of limitations has run since the motion's denial would nevertheless result in the defendant's having subjected himself to the court's jurisdiction even where, as here, the defendant had simply filed a motion addressing procedural and technical defects in the service made by the plaintiff. See Jones v. Denmark, 259 So.2d 198 (Fla. 3d DCA 1972); Huffman v. Heagy, 122 So.2d 335 (Fla. 3d DCA 1960).
Accordingly, we reverse the trial court's finding of personal jurisdiction over appellant Honorat and remand for further proceedings consistent with this opinion.