PER CURIAM.
Albert Francis appeals from judgments of conviction for two counts of aggravated assault with a firearm. During voir dire examination of prospective jurors, the trial court denied defense counsel an opportunity to question jurors individually. Florida Rule of Criminal Procedure 3.300(b) permits “[t]he court [to] examine each prospective juror individually or [to] examine the prospective jurors collectively.” However, the rule also states that “[t]he right of the parties to conduct an examination of each juror orally shall be preserved.” In Gosha v. State, 534 So.2d 912 (Fla. 3d DCA 1988), this court held that imposition of severe time constraints on counsel’s voir dire examination of each prospective juror is, as a matter of law, unreasonable and an abuse of discretion. That holding compels reversal where, as here, the trial court totally precludes individual examination of jurors. See Pineda v. State, 571 So.2d 105 (Fla. 3d DCA 1990). Accordingly, we reverse and remand for a new trial.
Reversed and remanded.