647 So.2d 984 (1994)
Isaac HICKS, Appellant,
v.
The CITY OF HIALEAH, Appellee.
In re FORFEITURE OF $17,703, IN U.S. CURRENCY, ETC.
No. 94-1950.
District Court of Appeal of Florida, Third District.
December 14, 1994.
H.T. Smith, P.A., and Charlene Bellinger-Honig, Miami, for appellant.
*985 Alejandro Vilarello, City Atty., and Melissa Volker, Asst. City Atty., for appellee.
Before BARKDULL, COPE and GODERICH, JJ.
COPE, Judge.
Isaac Hicks appeals a non-final order in a forfeiture case. We reverse.
The City of Hialeah Police Department arrested Hicks for drug trafficking. At the time of the arrest the police seized $17,703 and other personal property. The City initiated forfeiture proceedings.[1]
Insofar as pertinent here, the City served Hicks with the forfeiture complaint and probable cause determination by using certified mail, not by personal service. Hicks moved to dismiss the complaint, arguing that service by certified mail is ineffective.[2] The trial court denied the motion to dismiss and Hicks has appealed.
In 1991 the Florida Supreme Court specified the procedures to be followed in the litigation of forfeiture actions. Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla. 1991). The court said:
The agency seeking forfeiture may file its complaint by applying for the issuance of a rule to show cause in the circuit court of jurisdiction where the property was restrained or where the alleged offense occurred. The petition must be verified and supported by affidavit. If the court determines that the petition on its face sufficiently states a cause of action for forfeiture, the court shall sign and issue the rule. A copy of the petition and the rule shall be served on all persons whom the agency knows, or with reasonable investigation should know, have a legal interest in the property. The rule to show cause also shall require that responsive pleadings and affirmative defenses be filed within twenty days of service of the rule to show cause. As stated above, ... in personal property forfeiture actions, the state must notify interested parties that they have a right to an adversarial preliminary hearing upon request. The Florida Rules of Civil Procedure shall otherwise control service of process, discovery, and other measures appropriate for the administration of forfeiture proceedings.
Id. at 967 (emphasis added). Under the quoted language, the ordinary rules governing service of process in civil actions govern service of the complaint and rule to show cause.
In 1992 the legislature comprehensively revised the Florida Contraband Forfeiture Act. Ch. 92-54, Laws of Fla., codified as §§ 932.701-.707, Fla. Stat. (Supp. 1992). The City interprets the revised Act as allowing the service of the complaint and rule to show cause by certified mail instead of the ordinary methods for service of process in a civil action.
We do not find a provision in the Act which dispenses with the ordinary rules for service of the forfeiture complaint and rule to show cause as specified by Department of Law Enforcement v. Real Property. The City relies on paragraph 932.704(6)(a), which requires publication of "notice of the forfeiture complaint ... in a newspaper of general circulation," and service of "notice of the forfeiture complaint by certified mail" on certain individuals. Id.; see also id. § 932.704(6)(b). In our view the cited language addresses other issues, see id. § 932.704(6)(a), (b), and does not address the method of service of process to be employed in serving the complaint and rule to show *986 cause.[3] Consequently, the method of service of process remains that which was specified in Department of Law Enforcement v. Real Property, 588 So.2d at 967. We conclude therefore that service of process by certified mail on Hicks must be quashed without prejudice to the City to accomplish service of process by an appropriate method. The order under review is reversed and the cause remanded with directions to quash service of process.
NOTES
[1] During the pendency of the forfeiture proceedings, Hicks was acquitted of drug trafficking charges arising out of the arrest.
[2] Hicks also argued that if service of the complaint by certified mail was impermissible, then the 120-day time period for service of the complaint under Florida Rule of Civil Procedure 1.070(i) had elapsed and the complaint should be dismissed without prejudice. This court has held that an order denying dismissal under Rule 1.070(i) (formerly Rule 1.070(j)) is a nonappealable, non-final order. See Cole v. Posada, 555 So.2d 367 (Fla. 3d DCA 1989); see also DCA of Hialeah, Inc. v. Lago Grande One Condominium Ass'n, Inc., 559 So.2d 1178 (Fla. 3d DCA 1990); Honorat v. Genova, 579 So.2d 286 (Fla. 3d DCA 1991). But see Austin v. Gaylord, 603 So.2d 66 (Fla. 1st DCA 1992). Accordingly, we do not reach Hicks' argument under Rule 1.070(i).
[3] We note that the language used in subsection 932.704(6) is confusing and could benefit from legislative clarification. (1) Paragraph 932.704(6)(a) refers to "notice of the forfeiture complaint" and implies that a complaint has already been filed. Paragraph 932.704(6)(b) specifies the contents of the notice, contains a cross-reference to paragraph 932.703(2)(a) and (b), and indicates that the notice must "state the name of the court in which the complaint will be filed." (Emphasis added). (2) The first sentence of paragraph 932.704(6)(a) refers to title holders, owners, and holders of a perfected security interest, while the latter part of the same sentence refers only to service of notice of the forfeiture complaint by certified mail on "each person having such security interest in the property."

For present purposes we do not address the interpretation of subsection 932.704(6), other than to hold that subsection 932.704(6) does not control the method of service of the forfeiture complaint and rule to show cause.