ERVIN, Judge.
Appellant, Anthony Morton, seeks review of his conviction for the offense of unarmed robbery, contending that the lower court erred in precluding him from questioning prospective jurors about their attitudes toward alcohol and drugs; questions, he maintains, that went to the heart of his defense that he lacked the requisite intent to commit the crime. We agree and reverse and remand, thereby mooting consideration of appellant’s second issue relating to an alleged sentencing error.
During jury selection, defense counsel asked whether there was anyone on the panel who did not drink alcohol. The state objected, and counsel advised the court that he desired to explore the jurors’ attitudes concerning drinking and intoxication, because such questions pertained to Morton’s defense. The trial court limited counsel to asking the panel (1) whether anyone was prejudiced against persons who drink, and, if so, (2) whether any such feelings would interfere with the juror’s ability to follow the law. The court thereby refused to permit counsel *464 to lay a predicate for his defense of voluntary intoxication during voir dire.
We conclude that this issue is controlled by the Florida Supreme Court’s decision in Lavado v. State, 492 So.2d 1322 (Fla.1986), and that appellant’s conviction must therefore be reversed. In Lavado, the trial court instructed defense counsel that during voir dire he could not inquire regarding matters of substantive law in relation to his defense of voluntary intoxication to the offense of armed robbery, and that he would only be permitted to ask whether the prospective jurors (1) were biased against drinking in general, and (2) could follow the court’s instructions. The supreme court held that the trial court’s restriction of counsel’s questioning during jury selection denied Lavado his right to a fair and impartial jury, and therefore reversed and remanded for a new trial. Id. at 1323. In doing so, the court adopted Judge Pearson’s entire dissenting opinion in Lavado v. State, 469 So.2d 917, 919-21 (Fla. 3d DCA 1985), as the court’s majority opinion.
The following comments by Judge Pearson in Lavado are altogether pertinent to the instant appeal:
In the present case, however, counsel’s inquiry was restricted to asking about biases against drinking in general. As one court has noted, jurors’ attitudes towards the use of the intoxicating substance, rather than the defense, “might well be interesting to counsel, but they have no relationship to the juror’s ability to abide by the court’s instructions, to find the facts impartially, and to apply the law to the facts conscientiously.” LeVasseur v. Commonwealth [225 Va. 564], 304 S.E.2d [644,] at 653 [1983]....
It is thus recognized, as common sense tells us, that a juror’s tolerant attitude about the use of an intoxicating substance indicates little or nothing about the juror’s willingness vel non to relieve a defendant from responsibility for a crime committed while intoxicated.
Id. at 921 (emphasis added). The court added that such a generalized inquiry was inadequate, as was a juror’s “general acknowledgment that he will follow the law and serve fairly and impartially.” Id. (emphasis added).
This is precisely the situation below, wherein the court permitted only the same two questions held inadequate in Lavado. Morton’s entire defense at trial was that during the crime in question, “Morton was so intoxicated under the influence of cocaine that he could not form the required intent that’s required under the law for this crime to occur.” The lower court, moreover, recognized the applicability of the voluntary intoxication defense by giving the jury an instruction on same. We conclude, as did the supreme court in Lavado, that the trial court’s restriction on counsel’s inquiries during voir dire examination deprived the defendant of his right to a fair and impartial jury.
REVERSED and REMANDED for a new trial.
MINER and MICKLE, JJ., concur.