668 So.2d 654 (1996)
Antrone Lamont SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2321/2322.
District Court of Appeal of Florida, First District.
February 21, 1996.
*655 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; William J. Bakstran, Assistant Attorney General, Tallahassee, for appellee.
WOLF, Judge.
Antrone Lamont Simmons appeals his sentences entered after pleading no contest to violation of probation and possession of marijuana. Because both sentences combine nonstate sanctions of community control with a jail term and, thus, constitute departure sentences, we must reverse and remand for resentencing.
Based on the arrest for possession of marijuana, the trial court revoked appellant's probation for a 1993 possession of cocaine charge and sentenced him to two years' community control under the terms and conditions of the original probation with the added condition to serve 90 days in county jail. Appellant's recommended range under the pre-1994 guidelines was community control or 12-30 months' incarceration. Because the trial court combined community control with a jail term and, therefore, imposed a departure sentence without giving written reasons, we are required to reverse and remand for resentencing. Davis v. State, 617 So.2d 1139 (Fla. 1st DCA 1993), approved 630 So.2d 1059 (Fla.1994).
Appellant was also sentenced to two years of community control with a condition that he serve six months in county jail for the possession of marijuana conviction. Appellant argues that although he was sentenced under the 1994 guidelines, the trial court is still required to submit written reasons for combining nonstate sanctions. We agree.
In Davis, supra, the supreme court interpreted the recommended guideline sentence of any "nonstate sanction" according to its own committee notes adopted by Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 & 3.988), 522 So.2d 374 (Fla.1988):
(d)(8) The first guideline cell in each category (any nonstate prison sanction) allows the court the flexibility to impose any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone or any nonincarcerative disposition. Any sentence may include the requirement that a fine be paid. The sentences are found in forms 3.988(a)-(i).
Id. at 379.
The Davis court concluded that nonstate prison sanctions are mutually exclusive:
Thus, nonstate prison sanctions, which include county jail time, community control, and incarceration are disjunctive sentences. Combining any or all of them creates a departure sentence for which written reasons must be given.
Davis, 630 So.2d at 1060.
According to the sentencing guidelines scoresheet, prepared pursuant to rule 3.990, appellant's sentencing points totaled 5.3. Because appellant's points are less than 40, the trial court could not sentence him to *656 state prison without written reasons for departure. 3.702(d)(16), Fla.R.Crim.P.[1]
The committee notes adopted by the supreme court in Amendments to Florida Rules of Criminal Procedure re Sentencing Guidelines, 628 So.2d 1084, (Fla.1993), describe the presumptive sentence where total sentence points are less than or equal to 40:
(d)(16) The presumptive sentence is assumed to be appropriate for the composite score of the defendant. Where the total sentence points do not exceed 40, the court has the flexibility to impose any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone, or any nonincarcerative disposition. Any sentence may include a requirement that a fine be paid.
The supreme court interpreted similar language in the pre-1994 guidelines to be mutually exclusive options; therefore, we feel that we are required to interpret the 1994 guidelines in the same manner. Because the trial court combined community control with a jail term without written reasons for the departure, we must remand for resentencing.
We recognize, however, that the language in Davis, supra, involving, "any nonstate sanction" is not used in the 1994 guidelines. The 1994 guidelines provide that "if the total sentence points are less than or equal to 40, the recommended sentence shall not be prison..." § 921.0014(1), Fla.Stat. (1993).[2] We, therefore, certify the following question:
IS THE RULE IN DAVIS V. STATE, 630 So.2d 1059 (Fla.1994), REQUIRING WRITTEN REASONS FOR DEPARTURE WHEN COMBINING NONSTATE PRISON SANCTIONS, APPLICABLE UNDER THE 1994 SENTENCING GUIDELINES?
JOANOS and BENTON, JJ., concur.
NOTES
[1] The language of 3.702(d)(16) states in part: "(16) `Presumptive sentence' is determined by the total sentence points. If the total sentence points are less than or equal to 40, the recommended sentence, absent a departure, shall not be state prison."
[2] This language can now be found in 921.0014(2), Fla.Stat. (1995).