PER CURIAM.
After pleading guilty to strong-arm robbery, appellant, a juvenile, was sentenced to ninety days in jail, two years community control, and two years probation. The court did not give written reasons in this nonstate prison sentence. We agree, for the reasons expressed in Simmons v. State, 668 So.2d 654 (Fla. 1st DCA 1996), that this is a departure sentence requiring written reasons under State v. Davis, 630 So.2d 1059 (Fla.1994).
In reversing, the Simmons court certified the question, explaining:
We recognize, however, that the language in Davis, supra, involving “any nonstate sanction” is not used in the 1994 guidelines. The 1994 guidelines provide that “if the total sentence points are less than or equal to 40, the recommended sentence shall not be prison ...” § 921.0014(1), Fla.Stat. (1993) We therefore, certify the following question:
IS THE RULE IN DAVIS V. STATE, 630 So.2d 1059 (Fla.1994), REQUIRING WRITTEN REASONS FOR DEPARTURE WHEN COMBINING NONSTATE PRISON SANCTIONS, APPLICABLE UNDER THE 1994 SENTENCING GUIDELINES?
Simmons, 668 So.2d at 656.
We reverse and certify the same question.
KLEIN, PARIENTE and STEVENSON, JJ., concur.