683 So.2d 600 (1996)
Charles A. MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-03338.
District Court of Appeal of Florida, Second District.
November 15, 1996.
*601 Robert E. Jagger, Public Defender, and Dwight Wolfe, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Charles A. Miller appeals his conviction and sentence for aggravated stalking. We reverse the sentence because it was a departure from the sentencing guidelines without written reasons, but we certify a question to the Florida Supreme Court. Despite our concerns with the jury selection process in this case, we affirm the conviction.
Miller was sentenced to two years' community control, with one year in county jail as a condition, followed by two years' probation. Relying on State v. Davis, 630 So.2d 1059 (Fla.1994), Miller correctly contends that the combination of nonstate prison sanctions creates a departure sentence for which written reasons must be given. The sentencing judge did not enter written reasons for the imposition of this departure sentence. Therefore, we reverse and remand for resentencing.[1] However, we agree with the First and Fourth District Courts of Appeal that under the 1994 guidelines, a combination of nonstate prison sanctions may not create a departure sentence. See Simmons v. State, 668 So.2d 654 (Fla. 1st DCA), review granted, 676 So.2d 414 (Fla.1996); Marotto v. State, 674 So.2d 215 (Fla. 4th DCA 1996). Therefore, as did our sister courts, we certify the following question to the Florida Supreme Court:
IS THE RULE IN STATE v. DAVIS, 630 So.2d 1059 (Fla.1994), REQUIRING WRITTEN REASONS FOR DEPARTURE WHEN COMBINING NONSTATE PRISON SANCTIONS, APPLICABLE UNDER THE FLORIDA RULE OF CRIMINAL PROCEDURE 3.702 SENTENCING GUIDELINES (1994)?
Our concern with jury selection arises from the limitations imposed on defense counsel by the trial judge. During voir dire, the trial judge asked the venire several preliminary general questions, including whether the prospective jurors would follow the law as instructed by the judge. When Miller's defense counsel began to inquire into the same area, the judge prevented any further questions. Miller contends that this restriction unfairly limited his ability to obtain a fair jury.
*602 We recognize that a trial judge has "considerable discretion in determining the extent of counsel's examination of prospective jurors." Williams v. State, 424 So.2d 148, 149 (Fla. 5th DCA 1982). However, this discretion must be exercised in light of Florida Rule of Criminal Procedure 3.300(b) which provides that the parties, through counsel, have the right to conduct an examination of each prospective juror. Although the trial judge certainly has the discretion to limit repetitive and argumentative voir dire, a trial judge must allow counsel the opportunity to ascertain latent or concealed prejudgments by prospective jurors. See Stano v. State, 473 So.2d 1282, 1285 (Fla.1985), cert. denied, 474 U.S. 1093, 106 S.Ct. 869, 88 L.Ed.2d 907 (1986).
In this case, the trial judge's ruling prevented defense counsel's voir dire examination as to the prospective jurors' willingness to follow the law because the judge had already inquired. We are concerned that prospective jurors who reply affirmatively to a trial judge that they would follow the law might have a far different reaction if asked about following the law and applying, for example, a voluntary intoxication defense. We also believe that if trial judges choose to question prospective jurors extensively, they should not do so in a manner which impairs trial counsel's right and duty to question the venire.
Although troubled, we are unable to conclude that the limitation was an abuse of the trial judge's broad discretion in this case. It is clear that the only subject about which defense counsel would have inquired was the defense of abandonment. Because the trial judge properly denied an instruction as to this defense, we are unable to conclude that the defendant was prejudiced.
Accordingly, we reverse and remand for resentencing, certify the sentencing question as one of great public importance, and affirm the conviction.
ALTENBERND, A.C.J., and FULMER, J., concur.
NOTES
[1] Although not presented as an error in this appeal, we note that under section 948.03(5), Florida Statutes (1993), a period of incarceration imposed as a condition of community control or probation cannot exceed 364 days.