WELLS, Justice.
We have for review Simmons v. State, 668 So.2d 654 (Fla. 1st DCA 1996), in which the district court certified the following question to be of great public importance:
IS THE RULE IN STATE V. DAVIS, 630 So.2d 1059 (Fla.1994), REQUIRING WRITTEN REASONS FOR DEPARTURE WHEN COMBINING NONSTATE PRISON SANCTIONS, APPLICABLE UNDER THE 1994 SENTENCING GUIDELINES?
Simmons, 668 So.2d at 656.
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the negative. Accordingly, we quash the district court’s decision and hold that a sentence combining nonstate sanctions pursuant to the 1994 sentencing guidelines is not a departure sentence, and therefore a trial court is not required to provide written reasons for the sentence.
At issue in this case is the effect of Florida’s revised sentencing guidelines upon the imposition of sentences combining various nonstate sanctions. In 1993, the legislature amended the state’s sentencing guidelines, thereby creating the revised 1994 guidelines.[1] This Court then adopted Florida Rule of Criminal Procedure 3.702 to implement the revised guidelines in strict accord with chapter 921, Florida Statutes.[2] In 1994, respondent was arrested and charged with possession of more than twenty grams of marijuana plus paraphernalia. He pled no contest to the charges. The trial court revoked respondent’s probation for a 1993 cocaine-possession conviction and sentenced him pursuant to the pre-1994 guidelines to two years of community control for his probation violation plus a condition that he serve ninety days in county jail. The trial court sentenced respondent pursuant to the 1994 guidelines to two years of community control for the 1994 marijuana conviction with a condition that he serve six months in jail to run consecutively with the ninety-day term and placed him on a concurrent one-year probation for the paraphernalia charge.
On appeal, respondent argued that the trial court erred in failing to submit written reasons for a guidelines departure resulting from the combining of nonstate sanctions. The First District Court of Appeal agreed and held that the trial court had incorrectly imposed departure sentences for both the 1993 and 1994 convictions because it failed to *829 give written reasons for doing so. Simmons, 668 So.2d at 655. The district court reversed and remanded for resentencing. In explaining its rationale for requiring written reasons under the 1994 guidelines, the district court relied upon Davis, in which this Court interpreted the pre-1994 guidelines and concluded that combining nonstate sanctions creates a departure sentence for which a court must give written reasons. Simmons, 668 So.2d at 655 (citing Davis, 680 So.2d at 1060). However, the district court recognized that the 1994 guidelines do not include the term “nonstate sanction” and thus certified to this Court the question we now consider.
In Davis, this Court answered a certified question as to whether combined sanctions of county jail time and community control constitute a departure sentence when the combined periods of incarceration and community control do not exceed the maximum period of incarceration permitted by the guidelines. Davis, 630 So.2d at 1059. We answered the question in the affirmative, holding that written reasons had to be provided whenever a court imposed a sentence combining any or all nonstate prison sanctions which include county jail time, community control, and incarceration. Id. In explaining our holding, we pointed to paragraph (d)(8) of the commission notes to Florida Rule of Criminal Procedure 3.701, the rule corresponding to the pre-1994 guidelines. Id. at 1060. The commission note defined “any nonstate prison sanction” as “any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone, or any nonincarcerative disposition.” Id. We also noted that paragraph (d)(13) of the same commission notes stated that community control could not be an alternative sanction from the recommended range of any nonstate prison sanction unless the trial court provided written reasons for the departure. Id. Those definitions led us to conclude that nonstate prison sanctions were disjunctive sentences and that combining them created a departure sentence for which a court had to provide written reasons. Id.
However, the 1994 guidelines contain no disjunctive wording and require new interpretation. Florida Rule of Criminal Procedure 3.702(b) contains a clear statement that existing case law, as it construes the application of sentencing guidelines, is superseded by operation of rule 3.702 if the case law conflicts with rule 3.702. We hereby give effect to rule 3.702(b) by holding that Davis, with its emphasis upon disjunctive wording, does not apply to a sentencing imposed under the 1994 guidelines as embodied in rule 3.702. Rather, we look to section 921.0014(1)[3] and rule 3.702(d)(16)[4] to determine the sentencing guideline applicable to respondent for respondent’s 1994 chargés.
Unlike the pre-1994 guidelines, the 1994 guidelines provide a two-tier sentencing system. One tier provides nonstate prison sanctions if a defendant has forty or fewer sentencing points; the other tier provides state prison sanctions if a defendant has more than forty points. The only statutory guideline for sentencing of defendants with forty or fewer points is that, absent a departure, such defendants will not receive state prison sentences. Thus, under section 921.0014(1), Florida Statutes (1993), and rule 3.702(d)(16), a trial court has the discretion to sentence a defendant to any authorized nonstate sanction if that defendant’s sentencing points are less than or equal to forty. In such a circumstance, a nonstate sentence is not a departure requiring written reasons.
For his charges that fall under the 1994 sentencing guidelines, respondent’s sentencing scoresheet total was less than ten points. Both section 921.0014 and rule 3.702 expressly provide that if the total sentence points are less than or equal to forty, the recommended sentence shall not be state prison. Therefore, neither the statute nor the rule hinder the trial court’s discretion in the imposition of respondent’s sentence. For re *830 spondent, community control is an authorized sanction under section 948.01(3), Florida Statutes (1993).[5] Additionally, Section 948.03(5), Florida Statutes (1993),[6] expressly authorizes incarceration not to exceed 364 days as a condition of community control. The trial court is not required to provide written reasons for this sentencing combination.
This result is consistent vrith our decision in Gilyard v. State, 653 So.2d 1024 (Fla.1995), in which we held that the rule stated in State v. Van Kooten, 522 So.2d 830 (Fla.1988), does not apply in a situation where the guideline range does not provide sanctions phrased in the disjunctive.[7] In Gilyard, this Court scrutinized the legislatively enacted guideline rather than a committee note to the court rule. As we have previously pointed out, rule 3.702 supersedes our decision in Davis.
We recognize that the district court was led to its decision in this case because of the similarity between Sentencing Guidelines Commission note (d)(8)[8] to rule 3.701, which is applicable to the pre-1994 guidelines, and committee note (d)(16)[9] to rule 3.702, which is applicable to the 1994 guidelines. In Davis, we held that note (d)(8) defined “any nonstate prison sanction” and that the non-prison sanctions, which include county jail time, community control, and incarceration, are disjunctive sentences, the combining of which creates a departure sentence. In Davis, we stressed commission note (d)(8) and commission note (d)(13)[10] to rule 3.701. However, the term “any nonstate prison sanction” does not appear in note (d)(16) to rule 3.702 as it does in note (d)(8) to rule 3.701. Additionally, we note the fact that sentencing guidelines consist of what the legislature has enacted as statutes. Sentencing guidelines commission notes and committee notes are not substantive law, and here we give effect to the plain meaning of section 921.0014(1), Florida Statutes (1993).
Accordingly, we answer the certified question negatively and quash the district court’s decision. We remand and direct the district court to affirm the circuit court’s sentencing order with regard to the portion of respondent’s sentence imposed pursuant to the 1994 sentencing guidelines. We decline to review the district court’s decision with respect to the 1993 charges to which the pre-1994 sentencing guidelines apply. Such a review is unnecessary to resolve the issue upon which this Court’s jurisdiction is predicated.
*831 It' is so ordered. OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.

. Chapter 921, Florida Statutes (1993 & Supp. 1994).

. Florida Rule of Criminal Procedure 3.702(a) states in pertinent part: "This rule is intended to implement the 1994 revised sentencing guidelines in strict accordance with chapter 921, Florida Statutes, as revised by chapter 93-406, Laws of Florida.”

. Section 921.0014(1), Florida Statutes (1993), provides in pertinent part that "[i]f the total sentence points are less than or equal to 40, the recommended sentence shall not be a state prison sentence.” This language can now be found in section 921.0014(2), Florida Statutes (1995).

. Florida Rule of Criminal Procedure 3.702(d)(16) provides in pertinent part that "[i]f the total sentence points are less than or equal to 40, the recommended sentence, absent a departure, shall not be state prison.”

. Section 948.01(3), Florida Statutes (1993), provides in pertinent part: "[I]f ... it appears to the court in the case of a felony disposition that probation is an unsuitable dispositional alternative to imprisonment, the court may place the offender in a community control program...."

. Section 948.03(5), Florida Statutes (1993), provides in pertinent part: "[I]f the court ... imposes a period of incarceration as a condition of probation or community control, the period shall not exceed 364 days, and incarceration shall be restricted to ... a county facility_"

. In Van Kooten, we held that when a guideline sentence is phrased in the disjunctive, as in community control or incarceration, the imposition of both sentences is a departure from the guidelines and requires a court to provide written reasons for the departure. Id. at 831.

. Sentencing Guidelines Commission note (d)(8) to Rule of Criminal Procedure 3.701 provides in relevant part: "The first guideline cell in each category (any nonstate prison sanction) allows the court the flexibility to impose any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone, or any nonincarcerative disposition.”

. Committee note (d)(16) to rule 3.702 provides in pertinent part:
The presumptive sentence is assumed to be appropriate for the composite score of the defendant. Where the total sentence points do not exceed 40, the court has the flexibility to impose any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone, or any nonincarcerative disposition.

. Sentencing Guidelines Commission note (d)(13) to rule 3.701 provides in pertinent part:
Community control is a viable alternative for any state prison sentence less than 24 months without requiring a reason for departure. It is appropriate to impose a sentence of community control to be followed by a term of probation. The total sanction (community control and probation) shall not exceed the term provided by general law.
Community control is not an alternative sanction from the recommended range of any nonstate prison sanction unless the provisions of rule 3.701(d)(ll) [requiring written reasons] are applied.
There is no note to rule 3.702 similar to Sentencing Guidelines Commission note (d)(13) to rule 3.701.