WELLS, Judge.
We have for review a decision certifying the following question to be of great public importance:
IS THE RULE IN STATE v. DAVIS, 630 So.2d 1059 (Fla.1994), REQUIRING WRITTEN REASONS FOR DEPARTURE WHEN COMBINING NONSTATE PRISON SANCTIONS, APPLICABLE UNDER THE 1994 SENTENCING GUIDELINES?
Perry v. State, 673 So.2d 557 (Fla. 1st DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla.Const.
We answered this question in State v. Simmons, 687 So.2d 827 (Fla.1997). There we wrote:
[T]he 1994 guidelines, contain no disjunctive wording and require new interpretation. Florida Rule of Criminal Procedure 3.702(b) contains a clear statement that existing case law, as it construes the application of sentencing guidelines, is superseded by operation of rule 3.702 if the case law conflicts with rule 3.702. We hereby give effect to rule 3.702(b) by holding that Davis, with its emphasis upon disjunctive wording, does not apply to a sentencing imposed under the 1994 guidelines as embodied in rule 3.702.
Simmons, at 829.
Accordingly, we answer the certified question in the negative, quash the district court’s decision as it relates to combining nonstate prison sanctions, and remand for proceedings consistent with this opinion. We decline to review the second cross-appeal issue raised by respondent because the issue is unrelated to the certified question upon which this Court’s jurisdiction is based.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.