WELLS, Justice.
We have for review a decision on the following question certified to be of great public importance:
IS THE RULE IN STATE V. DAVIS, 680 So.2d 1059 (Fla.1994), REQUIRING WRITTEN REASONS FOR DEPARTURE WHEN COMBINING NON-STATE PRISON SANCTIONS, APPLICABLE UNDER THE FLORIDA RULE OF CRIMINAL PROCEDURE 3.702 SENTENCING GUIDELINES (1994)?
Watkins v. State, 680 So.2d 547, 548 (Fla. 1st DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
While on probation for a charge of burglary of a dwelling, Watkins pled no contest to misdemeanor battery. Watkins was then arrested for violation of probation. After a hearing on the violation of probation charge, the trial court found Watkins guilty of the violation. Watkins’ total sentence points were 49.4, and the trial court revoked Watkins’ probation and imposed a period of twenty-four months of community control with the special condition that Watkins serve sixty days in jail.
On appeal, the district court reversed. Watkins. The district court relied upon its earlier decision in Simmons v. State, 668 So.2d 654 (Fla. 1st DCA 1996), holding that under the 1994 version of the sentencing guidelines, the combination of a sentence of community control with a term of incarceration in the county jail is a departure sentence requiring written reasons. Watkins, 680 So.2d at 547-48. The district court then certified the same question in this case as it did in Simmons. Id. at 548.
We answered this question in the negative in State v. Simmons, 687 So.2d 827 (Fla.1997). In quashing the district court’s decision in Simmons, we held that the 1994 sentencing guidelines provide the trial court with the discretion to sentence a defendant with 40 or fewer points to a combination of nonstate sentences without written reasons for departure. Id. Watkins’ total sentence points were 49.4 points. Under section 921.0014(1), Florida Statutes (1993), and rule 3.702(d)(16), Florida Rules of Criminal Procedure, if a defendant’s total sentence points are greater than 40 but less than or equal to 52, the trial court has the discretion to sentence Watkins to either state prison or a nonstate prison sanction. The trial court here exercised its discretion in sentencing Watkins to nonstate prison sanctions. Such a sentence was within the guidelines. We find no reason to treat a guideline sentence with 52 or fewer points differently than a guideline sentence of 40 or fewer points. Therefore, as we held in Simmons, we hold that the trial court properly sentenced Watkins to a combination of nonstate prison sanctions without written reasons.
Accordingly, we answer the certified question in the negative and quash the district court’s decision. We remand and direct the district court to affirm the circuit court’s sentencing order.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.