785 So.2d 662 (2001)
Andros Domonic MILLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-2851.
District Court of Appeal of Florida, Third District.
May 9, 2001.
*663 Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Erin K. Zack, Assistant Attorney General, for appellee.
Before COPE, GODERICH, and RAMIREZ, JJ.
RAMIREZ, J.
Andros Domonic Miller appeals his conviction and sentence for attempted trafficking in cocaine, possession of cocaine, and carrying a concealed firearm. We reverse because the trial court abused its discretion in severely limiting defense counsel's right to conduct individual voir dire as authorized under rule 3.300, Florida Rules of Criminal Procedure.
The trial court conducted its own extensive voir dire examination of the jury panel and the prosecution followed with its own lengthy questioning. Minutes into the defense counsel's examination, the trial court interrupted to instruct him that the court had already questioned the jurors regarding the jurors' ability to accept the presumption of innocence, the State's burden of proof, and Miller's right to remain silent. Counsel was ordered not to inquire into any of these areas.[1]
Rule 3.300(b) provides that the court may examine prospective jurors individually or collectively. The rule also provides that "[c]ounsel for both the state and defendant shall have the right to examine jurors orally on their voir dire.... The right of the parties to conduct an examination of each juror orally shall be preserved." Consistent with this rule, we hold that the trial court cannot question prospective jurors on such crucial areas as the presumption of innocence, burden of proof and the right to silence, then prevent counsel from further individual examination under the guise that it would be repetitive. See Sanders v. State, 707 So.2d 664, 668 (Fla.1998)("Even though trial judges may question prospective jurors, their role in jury selection must not impair counsel's right and duty to question the venire."); Ferrer v. State, 718 So.2d 822, 825 (Fla. 4th DCA 1998) ("All parties are entitled to reasonable voir dire examination of prospective jurors by counsel.").
Voir dire is the first opportunity the attorneys have to establish personal contact with prospective jurors and the only occasion they have to enter into a dialogue with jurors. Prospective jurors do not respond in the same manner to inquiry by a judge as they do to questions by counsel, particularly when the trial court asks the jurors to volunteer a response to collective examination.[2]
*664 It is widely recognized that the trial court may not impose arbitrary time limits on voir dire. See O'Hara v. State, 642 So.2d 592, 593-94 (Fla. 4th DCA 1994) ("The purpose of voir dire is to ensure a fair and impartial jury. A trial court abuses its discretion when the imposition of unreasonable time limitations or limitations on the number of questions results in the loss of this fundamental right."); Zitnick v. State, 576 So.2d 1381-82 (Fla. 3d DCA 1991) (on confession of error); Pineda v. State, 571 So.2d 105, 106 (Fla. 3d DCA 1990); Gosha v. State, 534 So.2d 912 (Fla. 3d DCA 1988). Similarly, the trial court may not deny defense counsel an opportunity to question jurors individually. See Francis v. State, 579 So.2d 286 (Fla. 3d DCA 1991). The trial court in this case effectively denied individual questioning of the prospective jurors by covering the most important areas of inquiry and then forbidding defense counsel from further exploration.[3]
In Miller v. State, 683 So.2d 600 (Fla. 2d DCA 1996), the Second District was also confronted with the trial court's limiting restrictions on voir dire. The judge had asked the venire several preliminary general questions, including whether the prospective jurors would follow the law as instructed by the judge. Id. at 601. When defense counsel began to inquire into the same area, the judge prevented any further questions. Id. The district court first recognized that the trial judge had considerable discretion in this area, but that discretion had to be exercised in light of rule 3.300(b), Florida Rules of Criminal Procedure. Id. at 602. The district court stated as follows:
Although the trial judge certainly has the discretion to limit repetitive and argumentative voir dire, a trial judge must allow counsel the opportunity to ascertain latent or concealed prejudgments by prospective jurors....
In this case, the trial judge's ruling prevented defense counsel's voir dire examination as to the prospective jurors' willingness to follow the law because the judge had already inquired. We are concerned that prospective jurors who reply affirmatively to a trial judge that they would follow the law might have a far different reaction if asked about following the law and applying, for example, a voluntary intoxication defense. We also believe that if trial judges choose to question prospective jurors extensively, they should not do so in a manner which impairs trial counsel's right and duty to question the venire.
Although troubled, we are unable to conclude that the limitation was an abuse of the trial judge's broad discretion in this case. It is clear that the only subject about which defense counsel would have inquired was the defense of abandonment. Because the trial judge properly denied an instruction as to this defense, we are unable to conclude that the defendant was prejudiced. (citations omitted).
Id. Unlike Miller, where defense counsel apparently was only restricted from inquiring into the defense of abandonment which was not an issue in the case, the restrictions in this case concern core issues to be decided by the jury. Thus, it was an abuse of discretion to preclude examination into those areas.
Therefore, we reverse and remand for a new trial.
NOTES
[1] The trial court's voir dire exceeded 100 pages of transcript. The State's examination consumed 45 pages. In contrast, defense counsel's voir dire took only 22 pages.
[2] The limitations imposed on defense counsel's voir dire examination are particularly troublesome in this case because the same restrictions were not visited upon the prosecution. The trial court inquired regarding the credibility of witnesses, yet the State was allowed to question prospective jurors extensively on the credibility of police officers.
[3] It should be noted that each of these important areas was covered with a long explanation followed with the question: "Do you agree with this principle of law?" As could be expected, all prospective jurors answered affirmatively.