ORFINGER, J.
Francisco Mendez appeals his convictions for sexual battery on a person less than twelve years of age and lewd or lascivious molestation. We reverse because the trial court abused its discretion in severely limiting defense counsel’s right to conduct meaningful voir dire examination, as authorized by Florida Rule of Criminal Procedure 3.300(b).
Once the jury venire was seated for Mendez’s trial, the trial court conducted a brief, general voir dire directed to the entire panel.. In very broad terms, the trial court discussed the concepts of the presumption of innocence, Mendez’s right not to testify, and the State’s burden of proof. After the trial judge discussed each *1143 topic, the panel as a whole was asked, “[A]nybody have a problem with that, think they can’t handle that?” None of the jurors responded to the court’s questions. Later, when both the State and defense counsel attempted to question the prospective jurors regarding these general topics, the trial judge responded “[Wje’ve already talked about that. Move on to something else.” Mendez’s attorney then attempted to proffer several questions she wished to ask the prospective jurors, but the trial judge made it clear that he thought defense counsel was “wasting time.”[1]
Rule 3.300(b) provides that “[c]ounsel for both the state and defendant shall have the right to examine jurors orally on their voir dire.... The right of the parties to conduct an examination of each juror orally shall be preserved.” The purpose of voir dire is to ensure a fair and impartial jury. See Davis v. State, 461 So.2d 67, 69-70 (Fla.1984). A trial judge has “considerable discretion in determining the extent of counsel’s examination of prospective jurors.” Williams v. State, 424 So.2d 148, 149 (Fla. 5th DCA 1982). However, a trial court abuses its discretion when it unreasonably limits counsel’s ability to conduct a meaningful voir dire. O’Hara v. State, 642 So.2d 592, 593-94 (Fla. 4th DCA 1994). “A trial judge must allow counsel the opportunity to ascertain latent or concealed prejudgments by prospective jurors.” Miller v. State, 683 So.2d 600, 602 (Fla. 2d DCA 1996). In this case, due to the court’s restrictions, Mendez suffered the loss of his fundamental right to probe the jury’s understanding of several core issues, including burden of proof principles.[2] See Campbell v. State, 812 So.2d 540, 543 (Fla. 4th DCA 2002). As has been stated many times, prospective jurors do not respond in the same manner to inquiry by a judge as they do to questions by counsel, particularly when the trial court asks the jurors to volunteer a response to collective examination. See, e.g., Campbell, 812 So.2d at 543; Miller v. State, 785 So.2d 662, 664 (Fla. 3d DCA 2001); Miller, 683 So.2d at 602.
We do not suggest that trial judges do not have considerable discretion in controlling and limiting voir dire. To the contrary, decisional law acknowledges the court’s broad discretion in this area. Nonetheless, a trial judge cannot question prospective jurors on such crucial areas as the presumption of innocence, the State’s burden of proof, and the defendant’s right not to testify, and then prevent counsel from further examination under the guise that it would be repetitive. Miller, 785 So.2d at 663. “Even though trial judges may question prospective jurors, their role in jury selection must not impair counsel’s right and duty to question the venire.” Sanders v. State, 707 So.2d 664, 668 (Fla.1998).
No bright line rule can be fashioned to determine the limits that the trial court may impose on voir dire. Certainly, there is no “one size fits all” formula for voir dire, as the complexities in each case are different. In Lavado v. State, 492 So.2d 1322 (Fla.1986), the supreme court adopted the dissent in Lavado v. State, 469 So.2d 917, 919-20 (Fla. 3d DCA 1985) (Pearson, J., dissenting), that said:
*1144 “[W]hat is a meaningful voir dire which will satisfy the constitutional imperative of a fair and impartial jury depends on the issues in the case to be tried. The scope of voir dire therefore ‘should be so varied and elaborated as the circumstances surrounding the juror under examination in relation to the case on trial would seem to require....”’
Measured against this yardstick, we conclude the trial court abused its discretion by unreasonably limiting voir dire in this case.
The remaining issues raised by Mendez are rendered moot by our disposition. However, we observe that the trial court erred when it improperly admitted testimony from the alleged victim’s father bolstering the victim’s credibility. A witness is not allowed to offer an opinion as to the credibility of another witness. See Feller v. State, 637 So.2d 911, 915 (Fla.1994). On retrial, such testimony should be appropriately limited.
REVERSED AND REMANDED.
THOMPSON and TORPY, JJ., concur.

. The trial court’s voir dire consumed nine pages of transcript. The State’s voir dire took twenty pages while defense counsel’s consumed only ten pages of transcript. While the transcript does not reveal how long the entire voir dire lasted, based on the length of the transcript, we surmise it was no more than thirty minutes.

. That the State suffered the same fate is of no significance to the disposition of this case except that on remand, it too should have the rights afforded by rule 3.300(b).