COPE, J.
Robert F. Ramirez appeals his convictions on multiple criminal charges, arguing that the trial court committed error in jury selection. We conclude that the trial court erred in the restrictions it placed on individual voir dire, and remand for a new trial.
Before the beginning of jury selection, the trial court instructed the State and defense that “you can’t get up ... during voir dire and start talking about reasonable doubt, burden of proof, and all that stuff.” TR. 8. Defense counsel objected:
[DEFENSE COUNSEL]: From what I just heard, that I would be prohibited from asking any juror whether or not they agree that reasonable doubt is not too burdensome for the State or any questions dealing with reasonable doubt?
For the record, objection. I would tend to ask those questions, same with burden, that I cannot ask the jury whether or not I have any burden of proof of the defendant’s innocence?
The court replied that the court would instruct the jury on burden of proof and presumption of innocence. The following transpired:
[DEFENSE COUNSEL]: I was also going to say, I understand that you may instruct the jury. My query is whether or not you’re prohibiting me from any questions regarding whether they can presume him innocent even though he’s here.
THE COURT: I’m going to go over that myself.
[DEFENSE COUNSEL]: So I cannot ask that question?
THE COURT: Correct.
[DEFENSE COUNSEL]: I will be objecting for the record that I would ask whether or not because he’s here and been arrested, whether or not they still presume him to be innocent.
Jury selection proceeded under the ground rules that the judge had announced. At the conclusion of jury selection, defense counsel renewed his objection:
[DEFENSE COUNSEL]: Your Hon- or, you asked me whether or not I accept the jury. I do with the predicate that I’m actually moving to strike the panel. I believe that I haven’t had the ability to have an effective voir dire, that I have not been able to speak individually to jurors about their willingness to follow the law regarding reasonable doubt, presumption of innocence and burden of proof. So therefore, assuming that you’re denying my motion, if I would accept this jury over that objection as to the — what I believe is a failure to conduct a meaningful voir dire—
THE COURT: Noted. Please bring in the jury.
The trial court should not have imposed the above restrictions. We reverse on au *334 thority of Miller v. State, 785 So.2d 662 (Fla. 3d DCA 2001), Campbell v. State, 812 So.2d 540 (Fla. 4th DCA 2002), and Mendez v. State, 898 So.2d 1141 (Fla. 5th DCA 2005).
Under Florida Rule of Criminal Procedure 3.300(b), “Counsel for both the State and defendant shall have the right to examine jurors orally on their voir dire.” See Miller, 785 So.2d at 663. As stated in Miller, “we hold that the trial court cannot question prospective jurors on such crucial areas as the presumption of innocence, burden of proof and the right to silence, then prevent counsel from further individual examination under the guise that it would be repetitive.” Miller, 785 So.2d at 663. “Prospective jurors do not respond in the same manner to inquiry by a judge as they do to questions by counsel, particularly when the trial court asks the jurors to volunteer a response to collective examination.” Id. (footnote omitted).
“Without an adequate voir dire the trial judge’s responsibility to remove prospective jurors who will not be able impartially to follow the court’s instructions and evaluate the evidence cannot be fulfilled.” Lavado v. State, 469 So.2d 917, 919 (Fla. 3d DCA 1985) (Daniel S. Pearson, J., dissenting) (citation and internal quotation mark omitted), dissenting opinion adopted by the Florida Supreme Court, Lavado v. State, 492 So.2d 1322, 1323 (Fla.1986).
The State argues that the defense failed to make an adequate objection in the trial court. In view of the transcript excerpts quoted above, that argument is entirely without merit. The point is properly preserved for appellate review.
The State also maintains that the defense has not demonstrated that it was harmed by the ruling. The State claims that to prevail on this appeal, the defense must show that the jury included a biased or unqualified juror who should have been stricken for cause. This argument, too, is without merit. By unreasonably limiting the voir dire examination, the court prevented the defense from obtaining sufficient information to determine whether there was a basis for a challenge for cause. See Lavado, 469 So.2d at 919.
Reversed and remanded for a new trial.