920 So.2d 123 (2006)
Josephine A. CARVER, Appellant,
v.
Scott NIEDERMAYER and Meadowlanders, Inc., Appellees.
No. 4D04-2381.
District Court of Appeal of Florida, Fourth District.
January 25, 2006.
Rehearing Denied March 2, 2006.
Diran V. Seropian and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, and Gregg A. Schlesinger and Todd R. McPharlin of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellant.
Anthony P. Strasius and Elise D. Weakley of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP., Miami, for appellees.
FARMER, J.
In this personal injury case brought by a spectator who was injured by a airborne puck at a National Hockey League game, the trial judge announced for the first time at the beginning of jury selection that, after the Judge's own preliminary questioning, he would limit counsel's questioning of all prospective jurors to a total of 30 minutes. Later when plaintiff's counsel protested that he would need more time, the trial judge iced his protest, saying "this is a personal injury case." We reverse.
Counsel had immediately noted that, with 19 potential jurors to be examined, the court's limit would allow but one and half minutes for each juror. He pointed out that, with the issues involved in the case, it was necessary to explore individual juror attitudes and predilections about spectator injuries at sports events, attitudes of hockey fans, ideas about headache disorders, neck pains and surgeries, as well as impressions about pain and suffering *124 and mental anguish. After the court's own examination, counsel again raised the issue of the time limit and said that with responses showing that some of the jurors were nurses, he definitely could not do a minimal examination in less than 90 minutes. He stressed that he also needed more time specifically to inquire about juror attitudes on non-economic damages. The trial court finally extended the total allotted time to 45 minutes. When plaintiff's counsel had used up 45 minutes, he once again requested more time. It was at that point that the trial court said, "this is a personal injury case."
In Sisto v. Aetna Casualty and Surety Co., 689 So.2d 438, 440 (Fla. 4th DCA 1997), we held that the trial judge abused its discretion in failing to allow questioning of jurors about attitudes and predilections concerning damages for pain and suffering and mental anguish. We noted that a proper inquiry afforded each party a reasonable opportunity to explore the nature and intensity of unappreciated biases or attitudes touching issues such as non-economic damages. 689 So.2d at 440. We said that "[a] reasonable voir dire examination assists the parties in determining whether a particular juror should be the subject of either a challenge for cause or a peremptory challenge." 689 So.2d at 440.
Similarly, in Campbell v. State, 812 So.2d 540, 541 (Fla. 4th DCA 2002), we held that it is an abuse of discretion to impose unreasonable time or number-of-question limits on voir dire examination of jurors. See also O'Hara v. State, 642 So.2d 592, 593 (Fla. 4th DCA 1994); and Williams v. State, 424 So.2d 148, 149 (Fla. 5th DCA 1982). We pointed out that the trial judge's authority to control argumentative and repetitive voir dire should not be used to interfere with counsel's legitimate right "to ascertain latent or concealed prejudgments by prospective jurors." 812 So.2d at 542 (quoting Miller v. State, 683 So.2d 600, 602 (Fla. 2d DCA 1996)). While these were criminal trials, we can think of no reason why the principle is not equally applicable to civil cases.
The fact that the trial judge has conducted an examination of jurors before turning over the questioning to counsel does not, in and of itself, justify such limits on counsel's voir dire. In Miller v. State, 785 So.2d 662 (Fla. 3d DCA 2001), the court said:
"the trial court cannot question prospective jurors on such crucial areas as the presumption of innocence, burden of proof and the right to silence, then prevent counsel from further individual examination under the guise that it would be repetitive."
785 So.2d at 663. The court stated that these restrictions "concern core issues to be decided by the jury." 785 So.2d at 664. Again, the principle may have arisen in a criminal trial but it is no less applicable to the selection of civil trial juries. It is only the core issues that are different.
We conclude from the record in this case that the trial judge abused his discretion in limiting voir dire examination as he did. There is no showing that counsel's questioning during the time allotted was repetitive or cumulative. The time limit proved arbitrary. Counsel was given little more than 2-3 minutes for each prospective juror. See Gosha v. State, 534 So.2d 912, 912 (Fla. 3d DCA 1988) (limit of 1 to 3 minutes for each juror abuse of discretion); White v. State, 717 So.2d 1055, 1056 (Fla. 3d DCA 1998) (limit of 31 minutes for voir dire examination abuse of discretion). The court's limitation operated to deprive counsel of a fair opportunity to identify prospective jurors for challenge.
We also think it was an abuse of discretion not to advise counsel of any limits on *125 juror selection until the beginning of juror examination. See Rodriguez v. State, 675 So.2d 189, 191 (Fla. 3d DCA 1996) (trial court abused discretion in advising counsel of limit on voir dire during counsel's questioning of jurors). We think even reasonable limits on juror selection should be made known some fair time before trial begins. Plaintiff is entitled to a new trial with only reasonable limits on questioning prospective jurors. It follows that the judgment must be
Reversed.
GUNTHER and TAYLOR, JJ., concur.