PER CURIAM.
The question before us is whether the trial court erred in limiting voir dire on the defense of necessity. We conclude that the answer is yes, and therefore order a new trial.
Joseph Stevens was charged with carrying a concealed firearm and unlawful possession of a firearm by a convicted felon. The defense of defendant-appellant Stevens was that his life had been threatened and he armed himself for self defense.
Prior to trial, the court granted the State’s motion in limine preventing the defense from discussing the defense of necessity during voir dire. The court stated that allowing the defense to question the jury on the defense of necessity would be pre-trying the case and since it was unclear whether there was sufficient evidence to instruct the jury on such a defense, allowing discussion during voir dire would only confuse the jury if such an instruction was not ultimately given. The court permitted the defense to ask the prospective jurors if they had an open mind to defenses in general and whether they agreed that in life there are times when people feel they must take certain action and said action may be legally recognized as a defense to a criminal charge.
At trial, the defendant testified about the circumstances which had caused him to arm himself. At the conclusion of the trial, the court instructed the jury on the defense of necessity. The jury found the defendant guilty as charged and the court sentenced him to 7 years in prison followed by 5 years probation.
We conclude that the court abused its discretion in depriving the defendant the opportunity to discuss, or question the jury about, the defense of necessity during voir dire. See Lavado v. State, 492 So.2d 1322 (Fla.1986); Ingrassia v. State, 902 So.2d 357 (Fla. 4th DCA 2005) (the court may not preclude a party from inquiry into bias bearing on a matter that is at the heart of the defendant’s case). As the Fourth District said in an analogous situation:
In this case, it is evident from the record that although defense counsel was permitted to inquire as to the jurors’ understanding of the term entrapment in its ordinary sense, he was precluded from inquiring as to whether they were willing to accept that defense. As such questioning did not rise to a level of pretrying the facts or attempting to elicit a promise from the jurors as to how they would weigh that defense, the trial court’s denial of a proper inquiry denied appellant his constitutionally *411 guaranteed right to a fair and impartial jury. See Lavado.
Walker v. State, 724 So.2d 1232, 1234 (Fla. 4th DCA 1999).
Therefore, the judgment and sentence are reversed, and we remand for a new trial.