WILLIE DICKS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed June 12, 1922.

1. Prospective jurors are examined on their *voir dire* for the purpose of ascertaining if they are qualified to serve, and it is not proper to propound hypothetical questions purporting to embody testimony that is intended to be submitted, covering all or any aspects of the case, for the purpose of ascertaining from the juror how he will vote on such a state of the testimony.

2. The examination of persons called to act as jurors is limited to such matters as tend to disclose their qualifications in that regard, under the established provisions and rules of law; and hypothetical questions are not competent, when their evident purpose is to have the jurors indicate in advance what their decision will be under a certain state of the evidence, or upon a certain state of facts, and thus possibly commit them to certain ideas or views when the case shall be finally submitted to them for their decision.

3. Where a question propounded to a witness does not indicate the answer, the proper practice is to apprise the court of the answer sought to be elicited, so that he may determine its materiality and relevancy.

4. The mental capacity of "a minor, not married" is not involved in applying Section 6028, Rev. Gen. Stats., providing for certain procedure in the trial of such minor.

5. A sentence does not have to contain a recital of all the proceedings had in the cause prior to its imposition.

6. The failure in the sentence to name the crime for which the prisoner is sentenced, may be supplied by reference to the rest of the record.

7. It is not essential to the validity of a sentence that it recite that the prisoner had "been tried and found guilty by a jury."

8. The sentence or judgment "that you, A. B., be delivered by the sheriff of Union County, to the proper officer of the State penitentiary, there to be confined at hard labor," etc., is not defective because it does not mention Florida in naming the penitentiary where the prisoner is to be confined, where the record shows that the defendant was tried and convicted in the State of Florida.

Judgment affirmed.

*A. Z Adkins*, for Plaintiff in Error;

*Rivers H. Buford*, Attorney General, and *Marvin C. McIntosh*, Assistant, for the State.

BROWNE, C. J.—The plaintiff in error, indicted for murder in the first degree and convicted of manslaughter, seeks reversal here on writ of error.

The first assignment of error is based upon the ruling of the court sustaining the State's objection to this question propounded to the jurors when being examined on their *voir dire*: "If, in this case, the defendant claims that the homicide was committed by him in self defense, then a material fact for you to determine from the evidence adduced at this trial would be who was the aggressor in the fatal difficulty. Then after you have heard all the

evidence in this case, and the charge of the court, there was a reasonable doubt in your mind as to who was the aggressor in the fatal difficulty, would you then give the defendant the benefit of that reasonable doubt and vote to acquit him?''

Prospective jurors are examined on their *voir dire* for the purpose of ascertaining if they are qualified to serve, and it is not proper to propound hypothetical questions purporting to embody testimony that is intended to be submitted, covering all or any aspects of the case, for the purpose of ascertaining from the juror how he will vote on such a state of the testimony. Such questions are improper, regardless of whether or not they correctly epitomize the testimony intended to be introduced.

To propound to a juror a question purporting to contain an epitome of the testimony subsequently to be introduced, and ask whether he would acquit or convict upon such testimony, would have the effect of ascertaining his verdict in advance of his hearing the sworn testimony of the witnesses.

Such a procedure would revolutionize jury trials.

The rule governing the scope of the inquiry into the qualifications of a person called for jury duty, is thus laid down in 16 R. C. L. 281: ''It is a rule that the examination of persons called to act as jurors is limited to such matters as tend to disclose their qualifications in that regard, under the established provisions and rules of law; and hypothetical questions are not competent, when their evident purpose is to have the jurors indicate in advance what their decision will be under a certain state of the evidence, or upon a certain state of facts, and thus possibly commit them to certain ideas or views when the case shall be finally submitted to them for their decision.''

There was no error in sustaining the objection made by the State to this question.

Whether or not a prospective juror is impartial and has the necessary qualifications for jury duty, which is the sole purpose of the examination of talesmen on their *voir dire,* cannot be determined by propounding hypothetical questions containing what purports to be the testimony subsequently to be introduced and eliciting from him a reply as to whether he would acquit or convict on such testimony.

The second assignment of error is based upon the ruling of the court sustaining an objection by the State to this question propounded by the defendant below to a State's witness on cross-examination: "What are you to get for coming here and giving that testimony?" The information sought to be elicited by this question may have been such as would have shown that he was corrupt and his testimony unworthy of belief, still, as the question stands alone and is not followed by other questions seeking to elicit this information, and in the absence of anything to indicate whether he would have admitted or desired getting anything for giving his testimony, we do not think that in this instance the ruling of the court was reversible error.

The third assignment of error is based upon the ruling of the court sustaining the objection by the State to this question propounded to a State's witness by the defendant below on cross-examination: "When you all came up to Leslies', where did you come from?" The relevancy of this question does not appear, and the plaintiff in error did not apprise the court of its purpose.

The rule is well settled in this jurisdiction that where a question propounded to a witness does not indicate the

answer, the proper practice is to apprise the court of the answer sought to be elicited, so that it may determine its materiality and relevancy. Haager v. State, 83 Fla. 41, 90 South. Rep. 812; Davis v. State, 54 Fla. 34, 44 South. Rep. 757; Starke v. State, 49 Fla. 41, 37 South. Rep. 850; Boykin v. State, 40 Fla. 484, 24 South. Rep. 141.

There are several other assignments based upon the rulings of the court on the admission and rejection of testimony, that need no other treatment than to say that we find no reversible error with regard to any of them.

The effect of the testimony sought to be elicited by some of the questions would have been to show that the deadly assult was committed without premeditation, but as the jury found the defendant guilty of manslaughter this question is eliminated, and no harm was done to the defendant by the rulings of the court excluding this testimony.

The fourth ground of the motion for a new trial is that: ''The evidence shows that the defendant Willie Dicks is under the age of twenty-one years and there is no evidence or neither does the record of the court show that the defendant's parents or his guardian were served with only notice of the charge against said defendant or of the trial of said defendant as required by law.''

The statute upon which this ground of the motion for a new trial is predicated, provides ''That when any minor, not married, may be charged with any offense and brought before any of the courts,'' etc. Sec. 6028, Rev. Gen. Stats. 1920.

It appears from the record in this case that the plaintiff was a married man at the time of his trial, and the statute is not applicable to him, it being effective only on

the trial of an *unmarried minor*. The question of his mental capacity is not involved in enforcing the provisions of this statute.

The 16th assignment of error assails the sentence upon two grounds, the first of which is that it does not recite that "the plaintiff in error had been tried and found guilty by a jury of manslaughter."

A sentence does not have to contain a recital of all the proceedings had in the cause prior to its imposition. The record shows that the plaintiff in error was tried by a jury and by it found guilty of manslaughter.

It has been held by this court that the failure in the sentence to name the crime for which the prisoner is sentenced may be supplied by reference to the rest of the record. Hambrick v. State, 80 Fla. 672, 86 South. Rep. 623; Pointer v. United States, 151 U. S. 396, 14 Sup. Ct. Rep. 410.

It is no more essential to the validity of a sentence that it should recite that plaintiff in error "had been tried and found guilty by a jury" than it would be to recite that "the jury was duly sworn."

The second ground of the attack is "that it does not say whether he was to be delivered to the State Penitentiary of the State of Florida or to some other State." This question has been determined adversely to the plaintiff in error in Hallbeck v. State, 57 Fla. 15, 49 South. Rep. 153, in this language: "Complaint is made of the sentence or judgment because it fails to specifically name St. Lucie County as the county in which the jail is situated where the defendant is to be confined, in default of the payment of the fine imposed. There is no merit in this contention and a discussion thereof would be fruitless."

The fifth headnote is as follows: ''Where it affirmatively appears that the term of the Circuit Court at which the defendant was tried and convicted was held in a certain designated county, the sentence or judgment of the court is not defective because it fails to specifically name the county in which the county jail is situated where the defendant was to be confined, in default of the payment of the fine imposed.''

The record in the case under consideration shows that it was tried in the State of Florida, and as there is no penitentiary other than the penitentiary of the State of Florida in which he could lawfully be confined, there is no merit in this contention.

The judgment is affirmed.

Taylor, Whitfield and West, J. J., concur.