469 So.2d 917 (1985)
Henry LAVADO, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 83-1050.
District Court of Appeal of Florida, Third District.
May 28, 1985.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Randi Klayman Lazarus, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
*918 PER CURIAM.
After an armed robbery of a pharmacy the appellant was charged with the armed robbery and possession of narcotics. When the cause came on for trial, during voir dire, the defense counsel informed the prospective jurors that specific intent was an essential element of armed robbery causing the trial judge to state that it was not proper to go into the law on jury selection. The trial court stated that counsel could inquire as to the juror's bias against drinking in general. Thereupon defense counsel proffered that he was attempting to elicit answers dealing with the juror's ability to entertain or accept voluntary intoxication as a defense. The trial court refused to permit him to do so. On the final morning of the trial a local radio station on their newscast referred to the defendant's trial and the fact that the state had dropped the drug charges and was only trying the defendant for robbery. As the jury had not been sequestered before the trial began the defense counsel requested that the trial court question the jurors to determine if they had heard any radio newscasts about the trial. The request was denied.
We find no abuse of discretion in the trial court refusing to permit the prospective jurors to be interrogated as to a defense. A prospective juror's bias or prejudice may be elicited through specific questions and answers but their disposition as to whether or not they would entertain a particular defense is not appropriate. Dicks v. State, 83 Fla. 717, 93 So. 137 (1922); Saulsberry v. State, 398 So.2d 1017 (Fla. 5th DCA 1981). In Dicks v. State, supra, the Supreme Court stated the following:
* * * * * *
"The rule governing the scope of the inquiry into the qualifications of a person called for jury duty, is thus laid down in 16 R.C.L. 281: "It is a rule that the examination of persons called to act as jurors is limited to such matters as tend to disclose their qualifications in that regard, under the established provisions and rules of law; and hypothetical questions are not competent, when their evident purpose is to have the jurors indicate in advance what their decision will be under a certain state of the evidence, or upon a certain state of facts, and thus possibly commit them to certain ideas or views when the case shall be finally submitted to them for their decision."
* * * * * *
When they give an oath to follow the court's instructions they are required to follow the law as given. Rule 3.360 Florida Rules Criminal Procedure; Sections 1.01, 2.05(1) Florida Standard Jury Instructions in Criminal Cases. The court, in the instant case, gave the appropriate instructions on voluntary intoxication and there is no showing that the jury, having been sworn to follow the instructions, failed to do so. Therefore no error has been made to appear.
As to the alleged prejudicial radio broadcast, the nature of the prejudice was never brought to the attention of the trial court and we find no abuse of discretion under the circumstances in refusing to poll the jury. Copeland v. State, 457 So.2d 1012 (Fla. 1984); Murphy v. State, 252 So.2d 385 (Fla. 3d DCA 1971) affirmed Murphy v. Florida, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975).
Therefore for the reasons above stated the conviction under review be and the same is hereby affirmed.
BASKIN, Judge (concurring).
I concur in the majority opinion which I believe correctly states the applicable law. Defendant Lavado complains that although the trial court permitted inquiry concerning the jurors' biases against drinking, it did not allow questioning as to the jurors' ability to accept voluntary intoxication as a defense. However, the court permitted counsel to ask whether the jurors would follow the court's instructions on the law; this line of questioning encompasses the inquiry sought by counsel and warrants rejection of defendant's argument. My concurrence is based on the adequacy of *919 the permitted inquiry and the absence of an abuse of discretion in limiting counsel's pretrial statements as to the law.
For these reasons, I concur in affirmance.
DANIEL S. PEARSON, Judge, dissenting.
If he knew nothing else about the prospective jurors, the single thing that defense counsel needed to know was whether the prospective jurors could fairly and impartially consider the defense of voluntary intoxication. Despite this, the majority approves a ruling which precluded counsel from asking the prospective jurors about their bias or prejudice against this defense. As the sole authority for its position, the majority refers to the distinguishable and, indeed, already distinguished,[1] case of Dicks v. State, 83 Fla. 717, 93 So. 137 (1922), and to some generalization about jurors obeying their oaths to follow the court's instructions on the law. I believe the majority is as wrong as it would have been had it approved a ruling which denied counsel the right to question prospective jurors altogether.
During the questioning of the prospective jurors, Lavado's counsel, seeking to learn of their attitudes about voluntary intoxication as a defense to the charge, stated as a predicate to his inquiry that specific intent was an essential element of the crime of robbery. The trial court advised him that it was "not proper on a jury selection to go into law," but permitted counsel to ask about biases against drinking in general. Counsel said that it was the prospective jurors' attitudes about voluntary intoxication as a defense to a crime, not their attitudes about drinking, that he sought to elicit.[2] Counsel told the court the nature of his intended inquiry:
"One of the elements for the crime is that the defendant have specific intent to deprive the owner of his property and one of the defenses to the crime of robbery, especially and specifically this element, is that of voluntary intoxication. I was going to ask the jury questions, elicit answers, dealing with their ability to entertain or accept the premise of voluntary intoxication as a defense."
The trial court refused to allow the proposed inquiry. This ruling, in my view, was error of the most basic and harmful sort.
It is apodictic that a meaningful voir dire is critical to effectuating an accused's constitutionally guaranteed right to a fair and impartial jury. See Rosales-Lopez v. United States, 451 U.S. 182, 101 S.Ct. 1629, 68 L.Ed.2d 22 (1981).
"Without an adequate voir dire the trial judge's responsibility to remove prospective jurors who will not be able impartially to follow the court's instructions and evaluate the evidence cannot be fulfilled. See Connors v. United States, 158 U.S. 408, 413, 39 L.Ed. 1033, 15 S.Ct. 951 [953] (1895). Similarly, lack of adequate voir dire impairs the defendant's right to exercise peremptory challenges where provided by statute or rule, as it is in the federal courts." Rosales-Lopez v. United States, 451 U.S. at 188, 101 S.Ct. at 1634, 68 L.Ed.2d at 28 (footnote omitted).
What is a meaningful voir dire which will satisfy the constitutional imperative of a fair and impartial jury depends on the issues in the case to be tried. The scope of voir dire therefore "should be so varied and elaborated as the circumstances surrounding the juror under examination in relation to the case on trial would seem to require... ." Pinder v. State, 2'7 Fla. 370, 375, 8 So. 837, 838 (1891). See Moody v. State, 418 So.2d 989, 993 (Fla. 1982), cert. denied, 459 U.S. 1214, 103 S.Ct. 1213, 75 L.Ed.2d 451 (1983); Lewis v. State, 377 So.2d 640, 642-43 (Fla. 1979). Thus, where a juror's attitude about a particular legal doctrine (in the words of the trial court, "the law") *920 is essential to a determination of whether challenges for cause or peremptory challenges are to be made, it is well settled that the scope of the voir dire properly includes questions about and references to that legal doctrine even if stated in the form of hypothetical questions. Pait v. State, 112 So.2d 380 (Fla. 1959) (no error where prosecutor propounded question to prospective jurors on voir dire concerning their attitudes toward a finding of guilt on a homicide charge based solely on a theory of felony murder); Pope v. State, 84 Fla. 428, 438, 94 So. 865, 869 (1922) (no error where prosecutor explained legal doctrine of criminal responsibility of aiders and abettors to prospective jurors and then asked them if they would render a verdict of guilty if all necessary elements for conviction under doctrine present).[3]See Jones v. State, 378 So.2d 797 (Fla. 1st DCA 1979), cert. denied, 388 So.2d 1114 (Fla. 1980) (error to preclude defense counsel from inquiring about prospective juror's ability to accept the court's charges on the presumption of innocence, the State's burden of proof as to each element of the offense, and the defendant's right not to testify, since defense counsel had a right to ascertain if any prospective juror had a prejudgment that would not yield to the law as charged by the court). See also United States v. Blount, 479 F.2d 650 (6th Cir.1973).
Moreover, where, as here, the intended defense is voluntary intoxication, there are even stronger reasons why a meaningful voir dire must include questions about the jurors' attitudes towards the defense. Like the defense of insanity, the defense of voluntary intoxication suggests that the accused was incapable of forming or entertaining the intent necessary to commit the crime charged. Both defenses concede the commission of the acts and request the jury to excuse the conduct.[4] Because, as is well known, such defenses are disfavored by a large segment of the public, it is all the more critical that counsel be able to explore with prospective jurors their attitudes about these defenses. Therefore, it is error to prevent a defendant from attempting to find out whether prospective jurors are unable to accept the insanity defense, see Washington v. State, 371 So.2d 1108 (Fla. 4th DCA 1979); People v. Stack, 128 Ill. App.3d 611, 83 Ill.Dec. 832, 470 N.E.2d 1252 (1984); but see People v. Pitts, 104 Ill. App.3d 451, 60 Ill.Dec. 163, 432 N.E.2d 1062 (1982) (although better procedure would have been to permit questioning of prospective jurors with regard to any bias or prejudice they might have against defense of insanity, error deemed harmless), and likewise, error to prevent a defendant from inquiring about the prospective jurors' ability to accept an intoxication defense. Le Vasseur v. Commonwealth, 225 Va. 564, 304 S.E.2d 644 (1983), cert. denied, ___ U.S. ___, 104 S.Ct. 744, 79 L.Ed.2d 202 (1984). Cf. People v. Turner, 680 P.2d 1290 (Colo.Ct.App. 1983); State v. Boyd, 287 N.C. 131, 135, 214 S.E.2d 14, 17 (1975); Bernal v. State, 647 S.W.2d 699 (Tex. Ct. App. 1982). Indeed, because the public's antipathy to the voluntary intoxication defense is likely stronger than its antipathy to the insanity defense, see Annot., 73 A.L.R.3d at 112 § 2[b],[5] it would *921 appear that there is an even greater necessity for the voir dire inquiry where the defense is voluntary intoxication.
In the present case, however, counsel's inquiry was restricted to asking about biases against drinking in general. As one court has noted, jurors' attitudes towards the use of the intoxicating substance, rather than the defense, "might well be interesting to counsel, but they have no relationship to the juror's ability to abide by the court's instructions, to find the facts impartially, and to apply the law to the facts conscientiously." Le Vasseur v. Commonwealth, 304 S.E.2d at 653. The same court declared that a proper inquiry (and the very one disallowed in the present case) is whether the juror could follow the court's instruction which would excuse the defendant from criminal responsibility if the jury found the defendant so affected by voluntary intoxication as to be incapable of forming or entertaining the requisite intent.
It is thus recognized, as common sense tells us, that a juror's tolerant attitude about the use of an intoxicating substance indicates little or nothing about the juror's willingness vel non to relieve a defendant from responsibility for a crime committed while intoxicated.
The inadequacy of generalized inquiry as well as the inadequacy of a juror's general acknowledgment that he will follow the law and serve fairly and impartially, both of which are here involved, are addressed in People v. Stack, 83 Ill.Dec. 832, 470 N.E.2d 1252. In Stack, where the defense was insanity, defense counsel submitted the following questions to be asked by the trial judge on voir dire of the jury:
"1. Have you or anyone close to you had any experience with a psychiatrist or psychologist?
"2. Do you agree with the concept that a person should not be held responsible for his acts if he is not capable of conforming his conduct to the requirements of the law?
"3. Can you find someone not guilty by reason of insanity?
"4. Do you have any feeling or viewpoint concerning the defense of insanity in a criminal case? If so, what?"
83 Ill.Dec. at 836, 470 N.E.2d at 1256.
The trial judge agreed to ask the first question, but advised that in lieu of the remaining questions, he would simply ask prospective jurors if they could follow the law. The appellate court held that this was an abuse of discretion and reversed, stating:
"Although the questions tendered by the defense in this case were designed to probe and discover any potential bias or prejudice regarding the insanity defense, the only question asked pertained to personal experiences with a psychiatrist or psychologist. This question was insufficient to elicit a response concerning the insanity defense. Further, the general questions of whether the jurors could follow the law and whether they could be fair and impartial were also insufficient to cure the error. Such broad inquiries failed to call attention to specific matters which might lead the jurors to display disqualifying attitudes and preoccupations."
83 Ill.Dec. at 836, 470 N.E. at 1256.
Based on what I perceive to be the overwhelming weight of well-reasoned authority, I would reverse the judgment below and remand the cause for a new trial.
NOTES
[1] See n. 3, infra.
[2] In Florida, voluntary intoxication is a defense to robbery which requires the specific intent to permanently deprive the owner of his property. See Graham v. State, 406 So.2d 503 (Fla. 3d DCA 1981).
[3] In Pope, the court distinguished Dicks v. State, 93 So. 137, on the ground that the "nature and purpose of the question in this case are quite different" from the one propounded in Dicks. While the difference is slight, the defendant in Dicks could be deemed to have been asking whether the jurors would acquit based on hypothetical testimony rather than asking jurors about their attitudes towards the defense of self-defense. Accepting that as the distinction, it is clear that in the present case, the defendant was not proposing to ask the jurors whether they would convict or acquit based on certain hypothetical testimony, but was proposing to ask whether the jurors were so biased against the defense of voluntary intoxication that they would reject it without regard to what the evidence showed.
[4] It has been noted that a temporary insanity defense is involved, at least implicitly, in most cases where voluntary drug intoxication is asserted as a defense. See State v. Richard, 4 Wash. App. 415, 482 P.2d 343 (1971), Annot., 73 A.L.R.3d 98, 106 § 2[a] (1976). Cf. Woolls v. State, 665 S.W.2d 455 Tex. Crim. App. 1983).
[5] The author of the annotation notes:

"As would be expected and as the cases confirm, the prosecutor has fewer problems with the voluntary drug intoxication defense than does the defendant. The entire defense has an air of speculation about it. Few persons have experienced temporary insanity from drugs or alcohol and consequently the ordinary juryman or judge does not really seem to believe that such a thing occurs."