535 So.2d 350 (1988)
Carl MOSES, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1150.
District Court of Appeal of Florida, Fourth District.
December 21, 1988.
*351 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellee.
GUNTHER, Judge.
We reverse Carl Moses' conviction for burglary because the trial court abused its discretion in limiting defense counsel's questioning of the prospective jurors.
During voir dire defense counsel informed the prospective jurors that the defendant had a felony record. Counsel then attempted to question the prospective jurors as to whether their knowledge that the defendant was a convicted felon would interfere with their ability to reach a fair decision in the case. However, defense counsel did not inquire as to whether the jurors would convict the defendant. When the state objected to this line of questioning, the trial court sustained the objection.
The purpose of voir dire is to remove prospective jurors who will not be able to impartially evaluate the evidence. See Connors v. United States, 158 U.S. 408, 413, 15 S.Ct. 951, 953, 39 L.Ed. 1033 (1895). Defendant asserts that jurors may have an unyielding bias against a convicted felon which would interfere with their ability to impartially evaluate the evidence and fairly decide the case. Thus, defendant argues that the trial court erred in preventing him from exploring whether any of the prospective jurors harbored such a bias.
In Lavado v. State, 492 So.2d 1322 (Fla. 1986), the Florida Supreme Court adopted the dissent in Lavado v. State, 469 So.2d 917 (Fla. 3d DCA 1985), which stated:
[i]t is apodictic that a meaningful voir dire is critical to effectuating an accused's constitutionally guaranteed right to a fair and impartial jury. [citations omitted]
... .
What is a meaningful voir dire which will satisfy the constitutional imperative of a fair and impartial jury depends on the issues in the case to be tried. The scope of voir dire therefore "should be so varied and elaborated as the circumstances surrounding the juror under examination in relation to the case on trial would seem to require... ."
469 So.2d at 919 (quoting from Pinder v. State, 27 Fla. 370, 375, 8 So. 837, 838 (1891)).
Initially, we note that Lavado is distinguishable from the instant case since the questioning in Lavado related to a legal defense, while the questioning in this case related to the defendant's status as a convicted felon. However, despite this distinction, it appears that in both cases the questioning was designed to determine whether the jurors harbored a bias which would prevent them from impartially evaluating the evidence and fairly deciding the case. In our view, Lavado stands for the proposition that a defendant must be permitted to conduct a "meaningful" voir dire, and what constitutes a meaningful voir dire varies with each case. Thus, we conclude that in this case a meaningful voir dire would have included questioning the jurors as to whether they would be biased against the defendant because he was a convicted felon.
Furthermore, in United States v. Tegzes, 715 F.2d 505, 507 (11th Cir.1983), the court explained that:
[w]hile knowledge that criminal conduct sometimes leads to tragic results may create a bias towards crime, bias or prejudice towards crime does not disqualify one to sit as a juror in a criminal case so long as those feelings do not lead to a predisposition toward the prosecution or accused. (Footnote omitted) (Emphasis added).
*352 In the instant case, the trial court prevented defense counsel from questioning the jurors as to whether they harbored an unyielding bias against the defendant because he was a convicted felon. Therefore, defendant was precluded from determining if any of the jurors were predisposed against him.
Relying upon the authority of Lavado and Tegzes, we hold that the trial court abused its discretion in limiting the scope of voir dire. Accordingly, this cause is reversed and remanded for a new trial.
REVERSED AND REMANDED.
LETTS and DELL, JJ., concur.