724 So.2d 1232 (1999)
Willie WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0288
District Court of Appeal of Florida, Fourth District.
January 13, 1999.
*1233 Richard L. Jorandby, Public Defender, and Michael R. Hanrahan, Special Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant was charged with and convicted of trafficking in cocaine and conspiracy to traffic in cocaine. He raises three issues on appeal of which we address only the question as to whether the trial court erred in limiting appellant's voir dire on the defense of entrapment. We agree and reverse and remand for a new trial.
During the voir dire, the trial court abused its discretion in precluding defense counsel from fully inquiring of the jurors as to their understanding and their opinions as to the defense of entrapment. See Franqui v. State, 699 So.2d 1312, 1322 (Fla.1997).
This case is controlled by Lavado v. State, 492 So.2d 1322 (Fla.1986), wherein the Florida Supreme Court held that the appellant was denied his right to a fair and impartial jury when the trial court improperly restricted defense counsel's questioning on voir dire.
In that case, defense counsel, during voir dire, informed the prospective jurors that specific intent was an essential element of armed robbery, the offense for which Lavado was being tried. The trial judge advised defense counsel that it was "not proper on a jury selection to go into law" and would permit defense counsel to only ask about a prospective juror's bias against drinking in general. Defense counsel explained that since robbery is a specific intent crime, he wished to question the jurors about "their ability to entertain or accept the premise of voluntary intoxication as a defense." The trial judge refused to permit the inquiry, permitting only a general question regarding a prospective juror's ability to follow the court's instructions. The jury ultimately returned a guilty verdict which the Third District affirmed.
On appeal, the Florida Supreme Court, was presented with the question as to whether the trial court erred in refusing defense counsel's request to ask prospective jurors about their willingness and ability to accept the defense of involuntary intoxication. The court quashed the Third District's decision and ordered a new trial, finding that the trial court's restriction of defense counsel's questioning on voir dire denied Lavado his right to a fair and impartial jury. See Lavado, 492 So.2d at 1323. In so holding, the court adopted the dissent of Judge Daniel Pearson as their majority opinion. See Lavado, 492 So.2d at 1323; Lavado v. State, 469 So.2d 917, 919-921 (Fla. 3d DCA 1985).
"It is apodictic that a meaningful voir dire is critical to effectuating an accused's constitutionally guaranteed right to a fair and impartial jury." Lavado, 469 So.2d at 919. In his discussion concerning a meaningful voir dire, Judge Pearson opined as follows:
What is a meaningful voir dire which will satisfy the constitutional imperative of a fair and impartial jury depends on the issues in the case to be tried. The scope of voir dire therefore "should be so varied and elaborated as the circumstances surrounding the juror under examination in relation to the case on trial would seem to require ..." (citations omitted). Thus, where a juror's attitude about a particular legal doctrine (in the words of the trial court, "the law") is essential to a determination of whether challenges for cause or peremptory challenges are to be made, it is well settled that the scope of the voir dire properly includes questions about and references to that legal doctrine even if stated in the form of hypothetical questions. Pait v. State, 112 So.2d 380 (Fla.1959)(no error where prosecutor propounded question to prospective jurors on voir dire concerning their attitudes toward a finding of guilt on a homicide charge based solely on a theory of felony murder); Pope v. State, 84 Fla. 428, 438, 94 So. 865, 869 (1922) (no error where prosecutor explained legal doctrine of criminal responsibility of aiders *1234 and abettors to prospective jurors and then asked them if they would render a verdict of guilty of all necessary elements for conviction under doctrine present).
Lavado, 469 So.2d at 919-20. He further noted the importance of "the nature and purpose of the question" in each case, and indicated that asking whether jurors would acquit based on hypothetical testimony rather than asking jurors about their attitudes towards a particular defense would be improper. See Lavado, 469 So.2d at 920 n. 3.
In this case, it is evident from the record that although defense counsel was permitted to inquire as to the jurors' understanding of the term entrapment in its ordinary sense, he was precluded from inquiring as to whether they were willing to accept that defense. As such questioning did not rise to a level of pretrying the facts or attempting to elicit a promise from the jurors as to how they would weigh that defense, the trial court's denial of a proper inquiry denied appellant his constitutionally guaranteed right to a fair and impartial jury. See Lavado.
REVERSED AND REMANDED.
DELL, and FARMER, JJ., concur.