MAY, J.
The defendant filed a pro se petition for writ of habeas corpus, alleging that his appellate counsel was ineffective for failing to raise the trial court’s restriction of defense counsel’s questioning on voir dire as an issue on direct appeal. We agree that counsel was ineffective in failing to raise this issue and grant the petition. The defendant shall be permitted a belated appeal related solely to this issue.
The defendant was charged with two counts of indecent assault and two counts of a lewd or lascivious act in the presence of a child. He was found guilty of one count of lewd and lascivious act in the presence of a child, one count of indecent assault, and the lesser included offense of an unnatural and lascivious act. A critical issue at trial concerned the defendant’s statement to the police and his subsequent recantation.
During voir dire, defense counsel sought to query the prospective jurors concerning their beliefs on a defendant’s decision to testify at trial and their attitude toward a defendant’s recantation. Initially, the trial court prohibited both areas of inquiry. After further discussion, the trial court only prohibited defense counsel from pursuing the recantation line of inquiry. The court considered defense counsel’s line of inquiry to be an attempt to pretry the facts. Appellate counsel did not raise this issue on direct appeal.
To establish ineffectiveness of counsel on appeal the petitioner must show two things:
first, that there were specific errors or omissions of such magnitude that it can be said that they deviated from the norm or fell outside of the range of professionally acceptable performance; and second, that the failure or deficiency caused a prejudicial impact on the [petitioner] by compromising the appellate process to such a degree as to undermine confidence in the fairness and correctness of the outcome under the governing standards of decision.
Johnson v. Wainwright, 463 So.2d 207, 209 (Fla.1985); Meyer v. Singletary, 610 So.2d 1329 (Fla. 4th DCA 1992).
The underlying issue in this case is similar to the issue in Lavado v. State, 492 So.2d 1322 (Fla.1986). In Lavado, the Florida Supreme Court held that the trial court erred when it restricted defense counsel’s ability to voir dire prospective jurors concerning their willingness to accept a voluntary intoxication defense. The Court adopted Judge Pearson’s dissent in the underlying opinion of the Third District Court of Appeal. He had labeled the *988 trial court’s restriction as “an error of the most basic and harmful sort” and was “as wrong as it would have been had it ... denied counsel the right to question prospective jurors altogether.” Lavado v. State, 469 So.2d 917, 919 (Pearson, J., dissenting). Judge Pearson and the Florida Supreme Court found the requested inquiry especially critical because the defense of voluntary intoxication was “disfavored by a large segment of the public.” Id. at 920; Lavado, 492 So.2d at 1323 (adopting Judge Pearson’s dissent in its entirety); see also Chandler v. State, 744 So.2d 1058 (Fla. 4th DCA 1999); Walker v. State, 724 So.2d 1232 (Fla. 4th DCA 1999); and Lowe v. State, 718 So.2d 920, 923 (Fla. 4th DCA 1998).
The similar concern exists in this case. See, e.g., Moses v. State, 535 So.2d 350 (Fla. 4th DCA 1988)(reeognizing that the rationale of Lavado is not limited to legal defenses). The defendant was charged with sex offenses involving a child, charges disfavored by society. He made a statement to police affirming the child’s version of the facts, which he later recanted. Recantation is also likely to be disfavored by a large segment of the public. Dobbert v. Wainwright, 468 U.S. 1231, 1233-34, 105 S.Ct. 34, 82 L.Ed.2d 925 (1984).
The State has responded that the defendant and trial counsel’s affirmative acceptance of the jury without objection failed to preserve the issue for appellate review. On this limited record and argument we cannot reach that conclusion. The trial court’s restriction of defense counsel’s voir dire should have been raised during the direct appeal. Only then could the issue be fully briefed and properly considered. Appellate counsel’s failure to do so fell outside the range of acceptable performance and compromised the appellate process to such a degree as to undermine the fairness and correctness of the outcome. See Johnson, 463 So.2d at 207; Meyer, 610 So.2d at 1329. In short, it amounted to ineffective assistance of appellate counsel.
We note the dissent’s reliance on Joiner v. State, 618 So.2d 174 (Fla.1993), and Berry v. State, 792 So.2d 611 (Fla. 4th DCA 2001). However, those cases did not involve a trial court’s restriction on voir dire. Further, this case is distinguishable from both Joiner and Berry since here the trial judge repeatedly assured the defendant that the issue was “preserved on the record” for appellate review.
For the foregoing reasons, the petition is granted. The remedy in a habe-as corpus proceeding is dictated by the nature of the issue and “rests largely in the discretion of the court.” Wainwright v. Temple, 360 F.2d 598, 599 (5th Cir.1966)(citing Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886)). The finding of ineffective assistance of appellate counsel does not necessarily dictate the ordering of a new trial. See, e.g., Kleckley v. State, 810 So.2d 1081 (Fla. 4th DCA 2002); Wyatt v. State, 697 So.2d 1289 (Fla. 5th DCA 1997). We therefore grant a belated appeal restricted to this single issue where both the defense and the State may fully brief the issue.
STEVENSON, J., concurs.
STONE, J., dissents with opinion.