902 So.2d 357 (2005)
Julian INGRASSIA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-2886.
District Court of Appeal of Florida, Fourth District.
June 8, 2005.
*358 Lewis A. Fishman of Lewis A. Fishman, P.A., Plantation, and Michael D. Gelety, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
STONE, J.
We grant Appellant's motion for rehearing, withdraw our opinion of March 2, 2005, and substitute this opinion.
Appellant was convicted of committing a lewd act in the presence of a child, an indecent assault, and an unnatural and lascivious act. We reverse as to all counts.
The sole issue in this belated appeal is whether it was an abuse of discretion to deprive Appellant of an opportunity to question prospective jurors, during voir dire, as to their beliefs indicating bias regarding a significant aspect of Appellant's defense.
During the criminal investigation, Appellant made a damaging confession, which he subsequently recanted, in significant part, as false. Defense counsel sought to question the jury as to possible bias against recantation, but the trial court concluded that the aborted inquiry was simply an attempt to improperly pre-try the facts of the case. In the ensuing colloquy between the court and counsel,[1] the court gave counsel reason to believe that Appellant would not be permitted to inquire further as to possible juror bias on the subject of recanted statements, a matter critical to his defense.
*359 We addressed the significance of the right to inquire as to this issue in Ingrassia v. State, 843 So.2d 986 (Fla. 4th DCA 2003), in which we granted leave to pursue this belated appeal. There, we recognized:
The underlying issue in this case is similar to the issue in Lavado v. State, 492 So.2d 1322 (Fla.1986). In Lavado, the Florida Supreme Court held that the trial court erred when it restricted defense counsel's ability to voir dire prospective jurors concerning their willingness to accept a voluntary intoxication defense. The Court adopted Judge Pearson's dissent in the underlying opinion of the Third District Court of Appeal. He had labeled the trial court's restriction as "an error of the most basic and harmful sort" and was "as wrong as it would have been had it ... denied counsel the right to question prospective jurors altogether." Lavado v. State, 469 So.2d 917, 919 (Pearson, J., dissenting). Judge Pearson and the Florida Supreme Court found the requested inquiry especially critical because the defense of voluntary intoxication was "disfavored by a large segment of the public." Id. at 920; Lavado, 492 So.2d at 1323 (adopting Judge Pearson's dissent in its entirety); see also Chandler v. State, 744 So.2d 1058 (Fla. 4th DCA 1999); Walker v. State, 724 So.2d 1232 (Fla. 4th DCA 1999); and Lowe v. State, 718 So.2d 920, 923 (Fla. 4th DCA 1998).
The similar concern exists in this case. See, e.g., Moses v. State, 535 So.2d 350 (Fla. 4th DCA 1988) (recognizing that the rationale of Lavado is not limited to legal defenses). The defendant was charged with sex offenses involving a child, charges disfavored by society. He made a statement to police affirming the child's version of the facts, which he later recanted. Recantation is also likely to be disfavored by a large segment of the public. Dobbert v. Wainwright, 468 U.S. 1231, 1233-34, 105 S.Ct. 34, 82 L.Ed.2d 925 (1984).
Nothing presented in this appeal causes us to alter that view.
We recognize that the trial court has broad discretion in regulating the scope of voir dire. Farina v. State, 679 So.2d 1151 (Fla.1996), receded from on other grounds by Franqui v. State, 699 So.2d 1312, 1320 (Fla.1997). Nevertheless, the court may not preclude a party from inquiry into bias bearing on a matter that is at the heart of the defendant's case. As we recognized in Ingrassia, the right to inquiry as to bias addressed by the supreme court in Lavado is not limited to inquiring as to potential juror bias concerning an "affirmative defense," but is equally applicable to questioning designed to uncover potential bias on a matter critical to the defense of the case.
In Perry v. State, 675 So.2d 976 (Fla. 4th DCA 1996), the defendant's confession, as here, was recanted as false. There, we found it was an abuse of discretion to restrict inquiry as to jurors' beliefs concerning false confessions where the recantation goes to the essence of the defense. Id.
We have also reconsidered the state's argument that this issue was not preserved, because it was not explicitly renewed when the jury was empanelled. See Joiner v. State, 618 So.2d 174 (Fla.1993). However, as we recognized in Ingrassia I, this case is distinguishable from Joiner, as, here, the trial court specifically and repeatedly reassured counsel, in the course of the extensive colloquy, that the issue was on the record and preserved for appellate review. See Langon v. State, 636 So.2d 578 (Fla. 4th DCA 1994). Clearly, this record reflects that neither the state nor the court was misled into a belief *360 that the voir dire issue was being abandoned by failing to renew it.
Therefore, the judgment and sentence are reversed, and we remand for a new trial.
GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] Although counsel's initial question, interrupted by objection, gave the court reason for its concern, the state has not challenged the adequacy of Appellant's proffer, apparently recognizing that in the course of its colloquy with counsel, the court's ruling went beyond the wording of counsel's initial question and effectively precluded further inquiry on this subject.