DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARKERIA ROSHAWN HILLSMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-530

[March 20, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 312013CF000607A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

The appellant challenges his conviction for possession of cocaine and raises numerous issues, three of which we find have merit.

On the morning of the scheduled docket call (Monday), the appellant appeared in court with his public defender, who informed the judge that the appellant had "indicated that he has hired a private attorney." The judge refused to entertain the matter: "And [the private lawyer is] not here this morning so . . . I'm not interested in that." The judge informed the appellant that jury selection would commence on the instant Monday morning. After taking up other matters, the court revisited the appellant's case. At that point, the appellant's public defender again informed the court that the appellant was focused on hiring private counsel and therefore sought a continuance "for his private attorney." The court denied the request and stated that opening statements and the presentation of evidence would begin the next day (Tuesday) but jury selection would commence after a brief recess.

After the recess, the judge took the bench and the appellant was not present. The trial judge made the following statement:

> Mr. Hillsman was present [earlier] during docket call. He has absented himself voluntarily, so I know he's in the building. I'll tell you what let's do, just try his case. He was here. I know he was here. He wasn't in any physical distress. So we'll pick a jury without him being here.

The court denied the public defender's additional motion for a continuance.

The public defender's objection notwithstanding, the trial court began voir dire and during the process, prospective jurors made comments regarding the appellant's absence. When one prospective juror was asked about his feelings regarding the drug charge, he responded that he could be fair, but he "question[ed] why the defendant's not here." When questioned about his ability to apply the presumption of innocence, the same prospective juror reiterated that he "question[ed] why he's not here." Later during voir dire, defense counsel asked another prospective juror about her feelings regarding the charge, and she responded, "I don't like the idea he's not here. That's number one." She further stated that the appellant's absence would serve as a strike against him. Still a third prospective juror also indicated he was troubled with the appellant's absence. When a *fourth prospective juror* wondered aloud whether the appellant was required to be there, counsel responded that the appellant was not obligated to be there.

This led the judge to call the attorneys to the bench for a sidebar. The trial judge then instructed the public defender not to ask any more questions about the appellant's absence because "Mr. Hillsman has put himself in this position [and] [h]e's not going to take advantage of the jurors who say that's a problem because, he chose not to be here today after being here this morning."

The public defender then asked a prospective juror if he would have a problem with the appellant not testifying, and the man stated, "[T]estifying, no. Presence, yes." Another prospective juror interjected, "Are you going to answer the question of . . . was he supposed to be here today? . . . I mean . . . that would make a difference if he's not following what he's supposed to be doing." The exchange apparently did not alarm the court, as it did not change its ruling regarding the restriction on voir dire or otherwise sua sponte suggest revisiting its earlier ruling. Of the prospective jurors who made statements regarding the appellant's

absence, two were actually seated on the jury - one of them serving as foreperson.

At the close of jury selection, defense counsel accepted the jury and did not object when the jurors were sworn.

The next morning, prior to the empaneled jury returning to the courtroom to hear preliminary jury instructions and opening statements, the judge made the following statement:

> All right. I understand there's an issue about whether we can go forward with Mr. Hillsman's case because we did start the case without him being present. I would note that Mr. Hillsman appeared at the docket call in this case, was informed of the trial date, appeared the morning of the trial date, was told we were proceeding, getting ready to pick a jury and then absented . . . himself giving no reason. He was walking. There's no, I mean, he looked fine. There's no, I heard no reason why he wasn't here.

The public defender argued that it would be reversible error to proceed to trial, as the appellant was not present for the beginning of voir dire and thus was not present for the actual commencement of trial. The court rejected the argument, finding the following:

> He wanted a continuance because he wanted time to get a private lawyer where the continuance was denied. . . . Mr. Hillsman . . . just absented himself because he didn't want to go forward in the case with absolutely no legitimate reason whatsoever.

The trial proceeded without the defendant and the jury returned a relatively quick guilty verdict. This appeal follows.

*Trying The Defendant In His Absence*

We turn first to the trial court's decision to try the appellant in absentia. The Florida Supreme Court has elaborated on a defendant's right to be present during criminal proceedings against him:

> [C]riminal defendants have a due process right to be physically present in all critical stages of trial, including the examination of prospective jurors. Florida Rule of Criminal Procedure 3.180(a) recognizes this right, providing that in all

3

criminal prosecutions the defendant shall be present "at the beginning of the trial during the examination, challenging, impanelling, and swearing of the jury." Fla. R. Crim. P. 3.180(a)(4). However, when a defendant voluntarily absents himself from the courtroom, rule 3.180(c) provides:

> Defendant Absenting Self. If the defendant is present at the beginning of trial and thereafter, during the progress of the trial or before the verdict of the jury has been returned into court, voluntarily absents himself or herself from the presence of the court without leave of court, or is removed from the presence of the court because of his or her disruptive conduct during the trial, the trial of the cause or the return of the verdict of the jury in the case shall not thereby be postponed or delayed, but the trial, the submission of the case to the jury for verdict, and the return of the verdict thereon shall proceed in all respects as though the defendant were present in court at all times.

*Israel v. State*, 837 So. 2d 381, 386-87 (Fla. 2002) (internal citation omitted). *See also* Fla. R. Crim. P. 3.180(a)-(c). "In situations involving violations of rule 3.180, 'it is the constitutional question of whether fundamental fairness has been thwarted which determines whether the error is reversible.'" *Pomeranz v. State*, 703 So. 2d 465, 471 (Fla. 1997) (quoting *Garcia v. State*, 492 So. 2d 360, 364 (Fla. 1986)).

Indeed, the rule could not be more straightforward. For purposes of rule 3.180(c), a jury trial commences when jury selection begins. *See Daniels v. State*, 587 So. 2d 460, 461 (Fla. 1991). A defendant's failure to appear during *pre-trial proceedings* may not serve as a presumption that a defendant has voluntarily absented himself after trial has commenced. Appellant Hillsman failed to appear (in this case, reappear after a recess) at the morning docket call. The "docket call" employed by the trial judge was a *pre-trial* court event under well-established precedent. *Jarrett v. State*, 654 So. 2d 973, 975 (Fla. 1st DCA 1995) (citations omitted).[1] To

---

[1] Although the issue is not before us, it is worth noting that a defendant who has absented him or herself after trial commences and then reappears upon completion of the trial, may, in limited circumstances, have a justifiable excuse for the failure to appear:

> We recognize that there are circumstances which justify a court's *completion of a trial* in the defendant's absence where the

4

be sure, for purposes of rule 3.180(c), a trial is considered commenced when the first prospective juror enters the courtroom.

Here, although apparently no reason was given for the appellant's absence, his trial had clearly not yet commenced. Simply put, because it had not begun, the court abused its discretion by proceeding to conduct the defendant's trial in his absence. *See Jarrett*, 654 So. 2d at 975-76. Under these facts, the court had unbridled authority to issue a bench warrant or capias when it became clear that the appellant knew he was supposed to be in the courtroom to begin his trial . . . but wasn't. In any case, however, the trial court was required to postpone the trial.

*Restrictions On Voir Dire*

The appellant next argues that his right to a fair and impartial jury was compromised when the court restricted defense counsel's voir dire on the topic of the appellant's absence. Because the issue was not preserved, he contends the error was required to be and was, in fact, fundamental.[2] We agree.

Although "[a] trial judge has 'considerable discretion in determining the extent of counsel's examination of prospective jurors,'" the judge "'must allow counsel the opportunity to ascertain latent or concealed prejudgments by prospective jurors.'" *Campbell v. State*, 812 So. 2d 540, 542 (Fla. 4th DCA 2002) (quoting *Miller v. State*, 683 So. 2d 600, 602 (Fla. 2d DCA 1996)). "Whether a trial judge should have allowed

---

> defendant has absented himself after the trial's commencement. See *State v. Melendez*, 244 So. 2d 137 (Fla. 1971). In such a case, the burden is on the defendant, after his apprehension or appearance, to establish that his absence was not voluntary. *Mulvey v. State*, 41 So. 2d 156 (Fla.1949).

*Godwin v. State*, 501 So. 2d 154, 155 (Fla. 1st DCA 1987) (emphasis in original).

[2] Errors in rulings related to restriction of voir dire are waived if the defendant accepts the jury unless the error is fundamental. *Green v. State*, 679 So. 2d 1294, 1294 (Fla. 4th DCA 1996) (finding that possible error in voir dire based on time limits imposed by trial court was not preserved where defendant affirmatively accepted the jury without renewing prior objection); *Stripling v. State*, 664 So. 2d 2, 3 (Fla. 3d DCA 1995) (finding court's rulings restricting defendant's voir dire not preserved where defendant affirmatively accepted the jury upon selection of the twelfth juror and did not renew his objection prior to jury being sworn).

interrogation of jurors on specific subjects is reviewed under an abuse of discretion standard." *Davis v. State*, 698 So. 2d 1182, 1190 (Fla. 1997) (citation omitted).

Florida Rule of Criminal Procedure 3.300(b) provides for a defendant's right to examine prospective jurors. "The purpose of voir dire is to obtain a 'fair and impartial jury to try the issues in the cause.' *King v. State*, 390 So. 2d 315, 319 (Fla. 1980). For example, time restrictions or limits on numbers of questions can result in the loss of this fundamental right." *Williams v. State*, 424 So. 2d 148, 149 (Fla. 5th DCA 1982). Further, trial courts should permit questions on jurors' attitudes about issues where those attitudes are "essential to a determination of whether challenges for cause or peremptory challenges are to be made . . . ." *Walker v. State*, 724 So. 2d 1232, 1233 (Fla. 4th DCA 1999) (citation omitted). *See also Ingrassia v. State*, 902 So. 2d 357, 359 (Fla. 4th DCA 2005) ("[A] court may not preclude a party from inquiry into bias bearing on a matter that is at the heart of the defendant's case.").

Here, the trial court restricted defense counsel's examination as to the prospective jurors' attitudes about the appellant's absence, a matter that was conspicuously raised by numerous prospective jurors without, interestingly, the need for *any* prompting. Even after the court restricted defense counsel's examination, and even after counsel attempted to steer the prospective jurors toward another avenue of inquiry, the matter *was again raised by more than one prospective juror.* Under these circumstances, it could be nothing other than fundamental error for the court to restrict examination on the issue of the appellant's quite noticeable absence.

*Denial Of Motion For Continuance Without Inquiry*

We also reverse based on a third error. The appellant contends that the court erred in failing to conduct an inquiry when court-appointed counsel informed the court that the appellant had retained private counsel and was seeking a continuance. "We review the denial of a motion to substitute counsel and the trial court's ruling on a motion for continuance under an abuse of discretion standard." *Alvarez v. State*, 75 So. 3d 420, 422 (Fla. 4th DCA 2011).

"The Sixth Amendment of the United States Constitution protects the right of a criminal defendant to be represented by the attorney of his or her own choosing." *Id.* However, the right is not absolute. *Id.* This court has elaborated on the trial court's exercise of discretion when a defendant requests substitution of counsel:

6

[A] defendant does not have an absolute right to a particular lawyer and . . . it is within a trial court's discretion to deny a defendant's request for particular counsel when there is a "countervailing public interest in the fair and orderly administration of justice." For example, a defendant's invocation of the right to choose his own attorney may not be made in bad faith or "for the sake of arbitrary delay or to otherwise subvert judicial proceedings."

*Id.* (citations omitted).

[A]ny denial of an accused's request for a continuance to retain counsel of choice *must be based on an adequate inquiry into the surrounding circumstances and "proper findings* to show that the defendant's constitutional right is not being arbitrarily denied." The trial court's ruling should focus on balancing "the defendant's right to counsel of his own choosing with considerations of judicial administration." In this regard, we have previously considered several relevant factors, including: whether the motion is being made in bad faith or as a delay tactic; whether a continuance would prejudice the State; or whether the court's schedule would not permit a continuance.

*Deal v. State*, 145 So. 3d 212, 214 (Fla. 4th DCA 2014) (emphasis added) (quoting *Alvarez*, 75 So. 3d at 422-23). Further,

While the constitutional right to have counsel of one's own choosing represent a defendant at trial may yield to considerations of the administration of justice, not every request to substitute counsel on the eve of trial may sufficiently impact those considerations *such that a request may be denied without inquiry and without the court making proper findings* to show that the defendant's constitutional right is not being arbitrarily denied.

*Alvarez*, 75 So. 3d at 423 (emphasis added).

When our courts have affirmed a trial court's denial of a motion for continuance where a defendant was seeking to replace court-appointed counsel with private counsel, <u>the trial court had conducted the required inquiry</u>. *See, e.g., Lelieve v. State*, 7 So. 3d 624, 625 (Fla. 3d DCA 2009); *Evans v. State*, 741 So. 2d 1190, 1191 (Fla. 4th DCA 1999). Here, no

7

inquiry of any kind was made. Additionally, it must be noted, the record does not reflect that the state would have suffered any prejudice, that the court was unable to continue what in essence was a "simple possession of cocaine case," or that the appellant's request was necessarily made in bad faith or for purposes of undue delay. Nor does the record reflect that the case had grown old. Quite the contrary, the information was filed against the appellant in June 2013, and appellant's trial began in February 2014.

As for the appellant's remaining issues on appeal, we find them to be moot or without merit.

Based on the foregoing, the appellant is entitled to a new trial.

*Reversed and remanded for new trial.*

STEVENSON and TAYLOR, JJ., concur.

*         *         *

**Not final until disposition of timely filed motion for rehearing.**