PER CURIAM.
Appellant, John Edward Harrison, raises two issues on appeal challenging his judgment and sentence for selling or delivering cocaine. Because we agree with Appellant that the trial court abused its discretion by severely limiting defense counsel’s right to conduct individual voir dire on the defense of entrapment, as authorized by Florida Rule of Criminal Procedure 3.300(b), we reverse. In light of this result, we do not address the other issue on appeal.
Appellant was charged with one count of selling or delivering cocaine. During voir dire, defense counsel asked prospective jurors whether they had heard the word “entrapment” before and how they would define that term. As three prospective jurors provided their definitions of entrapment, defense counsel reminded the jurors several times that those were not the legal definitions of entrapment and the trial court would be providing the legal definitions, and confirmed that everyone on the venire was thinking about entrapment along the same lines as the three answers they had heard. Defense counsel then asked a prospective juror who has friends at the sheriffs office whether he would be open to considering an entrapment defense in the case. At that point, the State objected on the ground that “[t]his is improper,” and the trial court sustained the objection and denied defense counsel’s ensuing request for a sidebar discussion. Defense counsel in turn asked whether he was “being precluded from asking the jury if they will consider an entrapment defense,” and *1020 the trial court responded, “You’re precluded from asking them that.” When the parties concluded their questioning of the prospective jurors, the trial court read the legal definition of entrapment to the venire and inquired whether “that change[d] anybody’s ability to be fair and impartial,” to which the jurors responded, “No.”
At trial, the jury was instructed on the defense of entrapment, Appellant’s sole theory of defense to selling or delivering cocaine to undercover policemen. The jury found Appellant guilty as charged, and the trial court adjudicated him guilty and sentenced him as an habitual felony offender to twenty-five years of imprisonment. This appeal followed.
A trial court’s limitation on the questioning of prospective jurors during voir dire is reviewed for an abuse of discretion. Hillsman v. State, 159 So.3d 415, 419 (Fla. 4th DCA 2015); see also Wyatt v. State, 78 So.3d 512, 534 (Fla.2011). The purpose of voir dire is to obtain a fair and impartial jury. Hillsman, 159 So.3d at 420. Although a trial court “ ‘has considerable discretion in determining the extent of counsel’s examination of prospective jurors,’ ” it “ ‘must allow counsel the opportunity to ascertain latent or concealed prejudgments by prospective jurors.’ ” Id. at 419 (internal citations omitted). A trial court should also allow “questions on jurors’ attitudes about issues where those attitudes are ‘essential to a determination of whether challenges for cause or peremptory challenges are to be made Id. at 420 (internal citation omitted). Florida Rule of Criminal Procedure 3.300(b) allows a trial court to examine prospective jurors individually or collectively, but also provides that “[c]ounsel for both the state and defendant shall have the right to examine jurors orally on their voir dire.... The right of the parties to conduct an examination of each juror orally shall be preserved.”
In Lavado v. State, the Florida Supreme Court held that the trial court’s refusal to allow defense counsel to ask prospective jurors about their willingness and ability to accept the defense of voluntary intoxication denied the defendant’s right to a fair and impartial jury. 492 So.2d 1322, 1323 (Fla.1986). There, defense counsel sought to question prospective jurors during voir dire about “ ‘their ability to entertain or accept the premise of voluntary intoxication as a defense,’ ” but the trial court permitted counsel to inquire only about a juror’s bias against drinking in general and to ask “only a general question regarding a prospective juror’s ability to follow the court’s instructions.” Id. The Supreme Court quoted Judge Pearson’s dissenting opinion in Lavado v. State, 469 So.2d 917, 919 (Fla. 3d DCA 1985), that “ ‘[i]f he knew nothing else about the prospective jurors, the single thing that defense counsel needed to know was whether the prospective jurors could fairly and impartially consider the defense of voluntary intoxication.’ ” Id. The Supreme Court adopted Judge Pearson’s dissenting opinion in its entirety as its majority opinion, quashed the Third District’s decision, and remanded for a new trial. Id. Judge Pearson had written in part:
It is apodictic that a meaningful voir dire is critical to effectuating an accused’s constitutionally guaranteed right to a fair and impartial jury.
[[Image here]]
What is a meaningful voir dire which will satisfy the constitutional imperative of a fair and impartial jury depends on the issues in the case to be tried. The scope of voir dire therefore “should be so varied and elaborated as the circumstances surrounding the juror under examination in relation to the case on trial would seem to require.... ”
[[Image here]]
*1021 The inadequacy of generalized inquiry as well as the inadequacy of a juror’s general acknowledgment that he will follow the law and serve fairly and impartially, both of which are here involved, are addressed in People v. Stack, 128 Ill.App.3d 611, 83 Ill.Dec. 832, 470 N.E.2d 1252.
Lavado v. State, 469 So.2d 917, 919-21 (Fla. 3d DCA 1985) (Pearson, J., dissenting), decision quashed, 492 So.2d 1322 (Fla.1986).
Pursuant to Lavado, the Fourth District held in Walker v. State that the trial court abused its discretion by precluding defense counsel from fully inquiring about the prospective jurors’ understanding and opinions of the defense of entrapment. 724 So.2d 1232, 1233 (Fla. 4th DCA 1999). The Fourth District reversed and remanded for a new trial upon concluding that the trial court denied the defendant his right to a fair and impartial jury where “although defense counsel was permitted to inquire as to the jurors’ understanding of the term entrapment in its ordinary sense, he was precluded from inquiring as to whether they were willing to accept that defense.” Id. at 1234; see also Stevens v. State, 928 So.2d 409, 410-11 (Fla. 3d DCA 2006) (remanding for a new trial because the trial court abused its discretion during voir dire by depriving the defendant, of the opportunity to discuss or question the jury about the defense of necessity and limiting him to asking the jurors “if they had an open mind to defenses in general and whether they agreed that in life there are times when people feel they must take certain action and said action may be legally recognized as a defense to a criminal charge”); Ingrassia v. State, 902 So.2d 357, 358-59 (Fla. 4th DCA 2005) (remanding for a new trial upon finding that the trial court abused its discretion by depriving the defendant of the opportunity to question prospective jurors about their possible bias against recantation where it “gave counsel reason to believe that [the defendant] would not be permitted to inquire further as to possible juror bias on the subject of recanted statements,” which was a significant aspect of the defense, and stating that a trial court “may not preclude a party from inquiry into bias bearing on a matter that is at the heart of the defendant’s case”); Morton v. State, 667 So.2d 463, 463-64 (Fla. 1st DCA 1996) (remanding for a new trial because the trial court’s restriction on defense counsel’s inquiries during voir dire deprived the defendant of his right to a fair and impartial jury where it precluded him from laying a predicate for his defense of voluntary intoxication and limited him to asking the venire whether anyone was prejudiced against persons who drink and, if so, whether such feelings would interfere with their ability to follow the law).
Further, Florida appellate courts have recognized that a trial court’s examination of prospective jurors on a critical issue does not preclude defense counsel’s examination of the jurors on the same subject. For example, in Mosely v. State, defense counsel questioned five prospective-jurors about their ability to understand and accept the defense of misidentification; at that point, the trial court stopped the individual questioning, questioned the jury panel collectively on the issue, denied defense counsel’s request for a sidebar discussion, and instructed counsel to move on to another topic. 842 So.2d 279, 280 (Fla. 3d DCA 2003). The Third District agreed with the appellant that the trial court abused its discretion by prohibiting him from individually questioning the jurors on the defense of misidentification, the sole defense presented at trial, and explained:
Although trial judges are vested with broad discretion in regulating the extent and scope of the examination of prospective jurors, such discretion must be tempered with the right of both the state and defense to examine jurors orally on *1022 their voir dire which is guaranteed by Fla. R.Crim. P. 3.300(b). In construing this rule, we recently held that the trial court cannot question prospective jurors on critical areas such as the presumption of innocence, burden of proof, and the right to silence, and then preclude counsel from further individual examination under the guise that it would be repetitive ....
The issue of misidentifieation was the core or critical issue in this case, and we conclude that the defendant was effectively denied his right to a fair and impartial jury by virtue of the trial court’s restriction on the individual questioning of the venire panel about his sole defense.
Id. at 280-81 (reversing and remanding for a new trial); see also Mendez v. State, 898 So.2d 1141, 1142-44 (Fla. 5th DCA 2005) (remanding for a new trial because the trial court abused its discretion by limiting defense counsel’s right to conduct a meaningful voir dire pursuant to rule 3.300(b) where it conducted a general voir dire of the entire panel, discussed the concepts of presumption of innocence, right not to testify, and burden of proof in very general terms, and precluded the defense from further inquiring as to those matters; explaining that “[a]s has been stated many times, prospective jurors do not respond in the same manner to inquiry by a judge as they do to questions by counsel, particularly when the trial court asks the jurors to volunteer a response to collective examination”; and explaining that “a trial judge cannot question prospective jurors on [] crucial areas ..., and then prevent counsel from further examination under the guise that it would be repetitive”); Campbell v. State, 812 So.2d 540, 542-43 (Fla. 4th DCA 2002) (finding that the trial court abused its discretion by precluding the defendant from questioning prospective jurors regarding the presumption of innocence and burden of proof, even though it was “extremely thorough in its discussing” of those matters, and noting that “a juror’s response to a judge’s question may be different than if asked by one of the attorneys to explain their belief’); Miller v. State, 785 So.2d 662, 663-64 (Fla. 3d DCA 2001) (finding that the trial court “abused its discretion in severely limiting defense counsel’s right to conduct individual voir dire as authorized under rule 3.300” where it conducted an extensive voir dire, but precluded defense counsel from inquiring into the jurors’ ability to accept the presumption of innocence, the State’s burden of proof, and the defendant’s right to remain silent on the ground that it had already questioned them on those matters; holding that a court “cannot question prospective jurors on such crucial areas ..., then prevent counsel from further individual examination under the guise that it would be repetitive”; and noting that “[prospective jurors do not respond in the same manner to inquiry by a judge as they do to questions by counsel ... ”); Ramirez v. State, 901 So.2d 332, 333-34 (Fla. 3d DCA 2005) (reversing on the authority of Miller, Campbell, and Mendez).
Turning to the instant case, it is clear from the record before us and the case law that although defense counsel was able to inquire about the prospective jurors’ understanding of entrapment in its ordinary sense, he was improperly precluded from inquiring about their willingness and ability to accept an entrapment defense. The trial court’s ruling to preclude defense counsel from asking the jurors whether they would consider an entrapment defense unreasonably limited counsel’s ability to conduct a meaningful voir dire on the defense of entrapment. Moreover, the trial court’s reading of the legal definition of entrapment and its general inquiry from the venire whether that definition changed their ability to be fair and impartial ’ did not eliminate defense counsel’s right to examine the jurors on *1023 Appellant’s sole defense. Therefore, we conclude that the trial court abused its discretion in unreasonably limiting defense counsel’s voir dire on the defense of entrapment. Given that entrapment was the sole defense presented at Appellant’s trial, the trial court’s error cannot be deemed harmless. Accordingly, we reverse Appellant’s judgment and sentence and remand for a new trial.
REVERSED and REMANDED for a new trial.
ROBERTS, C.J., BENTON and LEWIS, JJ., concur.